Matter of Isabelle C. (Jarred B.) (2020 NY Slip Op 00120)





Matter of Isabelle C. (Jarred B.)


2020 NY Slip Op 00120


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-10430
2018-13887
 (Docket Nos. N-8331-16, N-8332-16, N-8333-16, N-8344-16, N-8345-16, N-8351-16)

[*1]In the Matter of Isabelle C. (Anonymous). Suffolk County Department of Social Services, respondent; Jarred B. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Caitlynn H. (Anonymous). Suffolk County Department of Social Services, respondent; Jarred B. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Matthew H. (Anonymous). Suffolk County Department of Social Services, respondent; Jarred B. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Liam H. (Anonymous). Suffolk County Department of Social Services, respondent; Jarred B. (Anonymous), appellant. (Proceeding No. 4.)
In the Matter of Jocelynn B. (Anonymous). Suffolk County Department of Social Services, respondent; Jarred B. (Anonymous), appellant. (Proceeding No. 5.)
In the Matter of Justin B. (Anonymous). Suffolk County Department of Social Services, respondent; Jarred B. (Anonymous), appellant. (Proceeding No. 6.)


Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Jennifer L. Basile of counsel), for respondent.
Anneris M. Pena, East Setauket, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Jarred B. appeals from (1) an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated August 13, 2018, and (2) an amended order of fact-finding and disposition of the same court dated November 13, 2018. [*2]The order, insofar as appealed from, granted that branch of the petitioner's motion which was for summary judgment determining that Jarred B. derivatively neglected the children Caitlynn H., Matthew H., Liam H., Jocelyn B., and Justin B. based upon his abuse of the child Isabelle C. The amended order of fact-finding and disposition, insofar as appealed from, upon the order, found that Jarred B. derivatively neglected the children Caitlynn H., Matthew H., Liam H., Jocelynn B., and Justin B.
ORDERED that the appeal from the order is dismissed, without costs or disbursements, as it was superseded by the amended order of fact-finding and disposition; and it is further,
ORDERED that the amended order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On May 31, 2016, the petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that Jarred B. (hereinafter the appellant) sexually abused and neglected his stepdaughters, Isabelle C. and Caitlynn H., and derivatively neglected his stepsons, Matthew H. and Liam H., and his biological children, Jocelynn B. and Justin B. Subsequently, the appellant pleaded guilty in criminal court, inter alia, to endangering the welfare of a child. Specifically, he admitted that between January 1, 2013, and January 31, 2013, at the address which was the family's home, he knowingly acted in a manner that was likely to be injurious to the physical, mental, or moral welfare of a child less than 17 years old by touching the intimate parts of the child Isabelle C.
Following the appellant's criminal conviction, the petitioner moved for summary judgment determining that the appellant abused Isabelle C. and derivatively neglected the other children. The Family Court granted the motion for summary judgment, and subsequently entered an amended order of fact-finding and disposition, inter alia, finding that the appellant derivatively neglected the other children.
We agree with the Family Court's determination granting that branch of the petitioner's motion which was for summary judgment determining that the appellant derivatively neglected the children Caitlynn H., Matthew H., Liam H., Jocelynn B., and Justin B. The focus of the inquiry to determine whether a parent derivatively neglected a child (see Family Ct Act § 1046[a][1]) "is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood. Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused one child will place his or her other children at substantial risk of harm" (Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694, 694 [citations omitted]; see Matter of Annalise L. [Jalise P.], 170 AD3d 835, 836; Matter of William N. [Kimberly H.], 118 AD3d 703, 706).
In support of its motion, the petitioner made a prima facie showing of a fundamental defect in the appellant's understanding of the duties of parenthood and such an impaired level of judgment as to create a substantial risk of harm for any child in his care (see Matter of Sebastian R. [Debra S.], 171 AD3d 928, 929; Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1179; Matter of Taurice M. [Gregory A.], 147 AD3d 844, 845; Matter of Angel R. [Syheid R.], 136 AD3d 1041, 1042). The appellant failed to raise a triable issue of fact in opposition. Accordingly, we agree with the Family Court's findings of derivative neglect.
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court