Matter of Brittani A. (Soily A.-S.) (2020 NY Slip Op 06523)





Matter of Brittani A. (Soily A.-S.)


2020 NY Slip Op 06523


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-07211
 (Docket Nos. N-15783-17, N-15784-17, N-15785-17, N-15786-17)

[*1]In the Matter of Brittani A. (Anonymous). Suffolk County Department of Social Services, respondent; Soily A.-S. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Nelson A. (Anonymous). Suffolk County Department of Social Services, respondent; Soily A.-S. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Emely A.-A. (Anonymous). Suffolk County Department of Social Services, respondent; Soily A.-S. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Luis C.-A. (Anonymous). Suffolk County Department of Social Services, respondent; Soily A.-S. (Anonymous), appellant. (Proceeding No. 4.)


Heather A. Fig, Bayport, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Jennifer L. Basile of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated May 30, 2019. The order of fact-finding and disposition, upon an order of the same court dated March 13, 2019, granting the petitioner's motion for summary judgment finding that the mother abused the child Nelson A. and derivatively abused the children Brittani A., Emely A.-A., and Luis C.-A., and after a dispositional hearing, inter alia, placed the subject children in the custody of the petitioner until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed the subject children in the custody of the petitioner until the completion of the next [*2]permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
In September 2017, the Suffolk County Department of Social Services (hereinafter DSS) commenced these proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the mother severely abused the child Nelson A. and derivatively abused the children Brittani A., Emely A.-A., and Luis C.-A. The petitions alleged, in relevant part, that after giving birth to Nelson in her home, the mother attempted to smother him with a pillow.
Based on these events, the mother was arrested and indicted on charges, which identified Nelson as the alleged victim, of attempted murder in the second degree, attempted assault in the first degree, attempted assault in the second degree, and endangering the welfare of a child. After a jury trial, the mother was convicted of all four crimes, and she was sentenced on November 1, 2018.
Thereafter, DSS moved for summary judgment finding that the mother abused Nelson under Family Court Act § 1012(e)(ii) and derivatively abused the other three children, based on the collateral estoppel effect of the mother's criminal convictions. The mother opposed the motion. In an order dated March 13, 2019, the Family Court granted DSS's motion. In an order of fact-finding and disposition dated May 30, 2019, made after a dispositional hearing, the court, inter alia, placed the children in the custody of DSS until the completion of the next permanency hearing. The mother appeals from the order of fact-finding and disposition.
The appeal from so much of the order of fact-finding and disposition as placed the children in the custody of DSS until the completion of the next permanency hearing is academic, as a further permanency hearing has been held (see Matter of Jupiter C. [Tamarah C.], 186 AD3d 827, 830; Matter of Barry D. [Katrina B.], 178 AD3d 695, 696).
We agree with the Family Court's determination to grant DSS's motion for summary judgment finding that the mother abused Nelson and derivatively abused the other three children. "'A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct'" (Matter of Blima M. [Samuel M.], 150 AD3d 1006, 1008, quoting Matter of Ajay P., 60 AD3d 681, 683; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183). Family Court Act § 1012(e)(ii) defines an abused child as "a child less than eighteen years of age whose parent or other person legally responsible for his [or her] care . . . creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause death or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ." Pursuant to Family Court Act § 1046(a)(i), "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent." "The focus of the inquiry to determine whether derivative [abuse or] neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood" (Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694, 694; see Matter of Isabelle C. [Jarred B.], 179 AD3d 670, 671).
Here, the mother's convictions of attempted murder in the second degree, attempted assault in the first degree, attempted assault in the second degree, and endangering the welfare of a child were based on the same acts alleged by DSS to constitute abuse in these proceedings. Therefore, DSS established, prima facie, that Nelson was an abused child pursuant to Family Court Act § 1012(e)(ii) (see Matter of Blima M. [Samuel M.], 150 AD3d at 1008). Moreover, DSS also made a prima facie showing of a fundamental defect in the mother's understanding of the duties of parenthood and such an impaired level of judgment as to create a substantial risk of harm to the other three children (see Matter of Isabelle C. [Jarred B.], 179 AD3d at 671-672). In opposition, the [*3]mother failed to raise a triable issue of fact.
Although the order of fact-finding and disposition appears to contain a number of scrivener's errors—including, inter alia, a checked box indicating that Nelson was found to be "severely abused" rather than "abused," an error in the spelling of Luis's name, a failure to indicate that Emely, Luis, and Brittani, were found to be "derivatively abused," and a failure to list the statutory basis for the Family Court's findings of abuse, as required under Family Court Act § 1051(e)—none of these technical errors requires reversal or remittitur. Where the Family Court has failed to state the grounds for its findings, this Court may, "in order to save judicial time and avoid multiplicity of litigation, make the finding that the Family Court should have made" (Matter of New York City Dept. of Social Servs. v Elena A., 194 AD2d 608, 610). Here, it is clear from DSS's motion papers that it sought a finding of abuse as to Nelson pursuant to Family Court Act § 1012(e)(ii), as well as findings of derivative abuse as to the other three children pursuant to Family Court Act § 1046(a)(i), and that the Family Court, by granting the motion, awarded only the specific relief requested by DSS.
The mother's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court