Matter of Gabriele G. (David G.) (2022 NY Slip Op 05689)

Matter of Gabriele G. (David G.)

2022 NY Slip Op 05689

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-00034
 (Docket No. N-1377-18)

[*1]In the Matter of Gabriele G. (Anonymous). Administration for Children's Services, respondent; David G. (Anonymous), appellant.

Leighton M. Jackson, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Tahirih M. Sadrieh of counsel; Breece McConnell on the brief), for respondent.
David Laniado, Cedarhurst, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Richmond County (Gregory L. Gliedman, J.), dated October 29, 2020. The order of fact-finding, upon an order of the same court dated October 29, 2020, granting the petitioner's motion for summary judgment on the issue of derivative abuse, found that the father derivatively abused the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The Family Court properly granted the petitioner's motion for summary judgment on the issue of whether the father derivatively abused the subject child. The petitioner met its prima facie burden by demonstrating that the father had pleaded guilty to two counts of course of sexual conduct against a child in the first degree and one count of sexual abuse in the first degree in connection with allegations concerning three friends of the subject child who were all under the age of 11. The acts underlying the allegations were shown to have been committed in the father's home while the subject child was also present in the home and "evinced a flawed understanding of his duties as a parent and impaired parental judgment to a sufficient degree" so as to create a substantial risk of harm to the subject child (Matter of Osher W. [Moshe W.], 198 AD3d 904, 907; see Matter of Brittani A. [Soily A.-S.], 188 AD3d 876; Matter of Brysen A. [Bryan A.], 161 AD3d 850; Matter of Angelica M. [Nugene A.], 107 AD3d 803).
In opposition, the father failed to raise a triable issue of fact as to whether the subject child was derivatively abused (see Matter of Angelica M. [Nugene A.], 107 AD3d 803). On appeal, the father does not specifically challenge the Family Court's determination of abuse with respect to the subject child's three friends or that his actions evinced a flawed understanding of his duties as a parent, but, rather, he argues that he was denied his right to due process. This contention is unpreserved for appellate review and, in any event, without merit (see Matter of Joshua T. [Kenisha T.], 196 AD3d 491; Matter of Harmony M. E. [Andre C.], 121 AD3d 677; Matter of Assatta N.P. [*2][Nelson L.], 92 AD3d 945).
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court