■ In the Matter of ALEXANDER C., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; JUAN C., Respondent. (Proceeding No. 1.) In the Matter of BRENDA C., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; JUAN C., Respondent. (Proceeding No. 2.) In the Matter of JUAN CARLOS C., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; JUAN C., Respondent. (Proceeding No. 3.) [818 NYS2d 150]—

In three related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Suffolk County (Spinner, J.), dated August 11, 2005, which, at the close of the petitioner's case at the fact-finding hearing, dismissed the petition for failure to make out a prima facie case.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for a new fact-finding hearing and determination.

The Family Court erred in finding that the petitioner failed to

present a prima facie case that the child, Brenda C., had been sexually abused because her statements were uncorroborated. Although Family Court Act § 1046 (a) (vi) provides that a child's out-of-court statements are insufficient to support a finding of abuse unless corroborated, here the subject child testified under oath at the fact-finding hearing. Since the child's sworn testimony was sufficient to establish a prima facie case that she had been sexually abused, the court should not have dismissed the petition at the close of the petitioner's case. Crane, J.P., Ritter, Krausman and Skelos, JJ., concur.