■ In the Matter of Blima M. Administration for Children's Services, Respondent; Samuel M., Appellant. (Proceeding No. 1.) In the Matter of Hersh M. Administration for Children's Services, Respondent; Samuel M., Appellant. (Proceeding No. 2.) In the Matter of Jacob M. Administration for Children's Services, Respondent; Samuel M., Appellant. (Proceeding No. 3.) In the Matter of Aron M. Administration for Children's Services, Respondent; Samuel M., Appellant. (Proceeding No. 4.) In the Matter of Moshe M. Administration for Children's Services, Respondent; Samuel M., Appellant. (Proceeding No. 5.) In the Matter of Dina M. Administration for Children's Services, Respondent; Samuel M., Appellant. (Proceeding No. 6.) [55 NYS3d 123]—

Appeal by the father from an order of the Family Court, Kings County (Daniel Turbow, J.), dated May 21, 2015. The order, insofar as appealed from, granted those branches of the petitioner's motion which were for summary judgment determining that the father neglected the child Blima M. and derivatively neglected the children Hersh M., Jacob M., Aron M., Moshe M., and Dina M.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the petitioner Administration for Children's Services which was for summary judgment determining that the father derivatively neglected Hersh M., Jacob M., Aron M., Moshe M., and Dina M., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On or about April 11, 2012, the Administration for Children's Services (hereinafter ACS) commenced proceedings pursuant to Family Court Act article 10 alleging that, on or about April 4, 2012, the father abused and neglected Blima M., Hersh M., Jacob M., Aron M., Moshe M., and Dina M. The father was subsequently arrested and indicted on four counts of sexual abuse in the first degree, four counts of sexual abuse in the second degree, and four counts of endangering the welfare of a child, with each count of the indictment identifying Blima M. as the alleged victim. The father pleaded guilty to one count of endangering the welfare of a child (Penal Law § 260.10 [1]), in full satisfaction of the indictment. During his plea allocution, the father admitted that, on or about April 4, 2012, he "knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare of . . . Blima [M.]." The Supreme Court noted on the record that the father was not being asked to admit to the particular acts that made him guilty of endangering the welfare of a child in view of the pending Family Court child protective proceeding. On May 21, 2014, the Supreme Court, Kings County, sentenced the father to three years of probation, and entered an order of protection directing him to, inter alia, stay away from Blima M. for a period of five years.

Based upon the father's plea, ACS moved for summary judgment on its petitions. The Family Court denied those branches of ACS's motion which were for summary judgment determining that the father abused Blima M. and derivatively abused her siblings. However, the Family Court granted those branches of ACS's motion which were for summary judgment determining that the father neglected Blima M. and derivatively neglected her siblings.

"A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct" (*Matter of Ajay P.*, 60 AD3d 681, 683 [2009]; *see Matter of Natalia J. [Clarence T.]*, 145 AD3d 889, 890 [2016]). Family Court Act § 1012 (f) (i) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i] [B]) by, inter alia, "unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof." Here, since the father's conviction for endangering the welfare of a child was based upon the same acts alleged to constitute neglect, the father's conviction established, prima facie, that Blima M. was a neglected child (*see Matter of Javon T.*, 64 AD3d 608 [2009]; *see also Matter of Alexander C. [Cassandra C.]*, 110 AD3d 1067, 1068 [2013]). In opposition to ACS's prima facie showing, the father failed to raise a triable issue of fact (*see Matter of Vivien V. [Carlos F.]*, 119 AD3d 596, 597 [2014]). Accordingly, the Family Court properly granted that branch of ACS's motion which was for summary judgment determining that the father neglected Blima M.

However, the Family Court erred in granting that branch of ACS's motion which was for summary judgment determining that the father derivatively neglected Hersh M., Jacob M., Aron M., Moshe M., and Dina M. While proof of the neglect of one child shall be admissible evidence on the issue of the neglect of any other child of, or the legal responsibility of, the respondent (*see* Family Ct Act § 1046 [a] [i]; *Matter of Amber C.*, 38 AD3d 538, 540 [2007]), a finding of abuse or neglect as to one sibling does not mandate a finding of derivative abuse or neglect as to the other siblings (*see Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d 967, 969 [2014]). "Instead, the focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his or her] care" (*Matter of Harmony M.E. [Andre C.]*, 121 AD3d 677, 679 [2014] [citations omitted]). Relevant to this inquiry is "the nature of the direct abuse [or neglect,] notably its duration [and], the circumstances surrounding its commission" (*Matter of Cadejah AA.*, 33 AD3d 1155, 1157 [2006]). Under the particular circumstances of this

case, the father's limited plea allocution, in which he admitted solely to the statutory elements of endangering the welfare of a child, and that Blima M. was the victim, was insufficient to establish, prima facie, that he derivatively neglected Hersh M., Jacob M., Aron M., Moshe M., or Dina M. (*see Matter of Afton C. [James C.],* 17 NY3d 1, 11 [2011]; *Matter of Kaliia F. [Jason F.],* 148 AD3d 805 [2017]; *Matter of Cadejah AA.,* 33 AD3d at 1158). Accordingly, the issue of whether the father derivatively neglected these children must await resolution at a fact-finding hearing. Chambers, J.P., Roman, Miller and Connolly, JJ., concur.