Matter of Takoda G. (Juan T.) (2018 NY Slip Op 03285)





Matter of Takoda G. (Juan T.)


2018 NY Slip Op 03285


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


560 CAF 16-02183

[*1]IN THE MATTER OF TAKODA G., EMMA T., HANNAH T., AVA T., AND MIA T. ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES CHILD PROTECTIVE UNIT, PETITIONER-RESPONDENT; JUAN T., RESPONDENT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.
GARY L. CURTISS, COUNTY ATTORNEY, CANANDAIGUA (SANDRA J. PACKARD OF COUNSEL), FOR PETITIONER-RESPONDENT. 
MARYBETH D. BARNET, CANANDAIGUA, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Ontario County (William F. Kocher, J.), entered November 25, 2016 in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order granting the motion of petitioner for summary judgment on the petition, which sought a determination that the father neglected the subject children. The contentions in the father's brief in opposition to the motion are raised for the first time on appeal and therefore are not properly before us (see Matter of Paige K. [Jay J.B.], 81 AD3d 1284, 1284 [4th Dept 2011]). In any event, those contentions lack merit. Petitioner moved for summary judgment following the father's conviction, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and five counts of endangering the welfare of a child (§ 260.10 [1]) stemming from a physical altercation between the father and the children's mother during which a loaded firearm was fired inside an apartment with the children present. The father does not dispute that he had a full and fair opportunity to litigate the issue of his criminal conduct during the criminal trial, and petitioner's submissions establish that "the allegations of neglect and [the father's] subsequent criminal conviction[] arose out of the same incident' " (Matter of Tavianna CC. [Maceo CC.], 99 AD3d 1132, 1134 [3d Dept 2012], lv denied 20 NY3d 856 [2013]). Contrary to the father's contention, although he was acquitted of other criminal charges, petitioner presented sufficient evidence of the facts underlying the conviction of five counts of endangering the welfare of a child, which established that the children were in actual or imminent danger of physical, emotional or mental impairment as a result of the father's failure to exercise a minimum degree of care (see Family Ct Act § 1012 [f] [i] [B]; Matter of Blima M. [Samuel M.], 150 AD3d 1006, 1008 [2d Dept 2017]; Tavianna CC., 99 AD3d at 1134; cf. Matter of Kaliia F. [Jason F.], 148 AD3d 805, 807 [2d Dept 2017]). Inasmuch as the father did not submit any opposition to petitioner's prima facie showing and therefore failed to raise a triable issue of fact, the court properly granted the motion (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 183 [1994]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court