Matter of Boobacar R. (Curtis G.) (2020 NY Slip Op 06796)





Matter of Boobacar R. (Curtis G.)


2020 NY Slip Op 06796


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-10252
2019-10254
 (Docket Nos. N-6968-18, N-6969-18)

[*1]In the Matter of Boobacar R. (Anonymous). Administration for Children's Services, petitioner-respondent; Curtis G. (Anonymous), respondent-appellant. (Proceeding No. 1.)
In the Matter of Malia G. (Anonymous). Administration for Children's Services, petitioner-respondent; Curtis G. (Anonymous), respondent-appellant. (Proceeding No. 2.)


Christine Theodore, Spring Valley, NY, for respondent-appellant.
James E. Johnson, Corporation Counsel, New York, NY (Daniel Matza-Brown and Jesse A. Townsend of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Curtis G. appeals from (1) an order of fact-finding of the Family Court, Kings County (Erik S. Pitchal, J.), dated May 1, 2019, and (2) an order of disposition of the same court dated May 31, 2019. The order of fact-finding, after a fact-finding hearing, found that Curtis G. neglected the subject children. The order of disposition, after a dispositional hearing, inter alia, released the subject children to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of six months and placed Curtis G. under the supervision of the Administration for Children's Services for a period of 12 months.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the subject children to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of six months and placed Curtis G. under the supervision of the Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In March 2018, the Administration for Children's Services (hereinafter ACS) commenced these related child neglect proceedings against the respondent, alleging that he neglected the subject children, then ages 13 years old and 6 months old, by committing acts of domestic violence against their mother in their presence. Following a fact-finding hearing, the Family Court found that the respondent neglected the children. After a dispositional hearing, the court issued an order of disposition dated May 31, 2019, which, inter alia, released the children to the custody of the nonrespondent mother under supervision by ACS for a period of six months and placed the respondent under ACS supervision for a period of 12 months. The respondent appeals.
The appeal from so much of the order of disposition as released the children to the custody of the nonrespondent mother under the supervision of ACS for a period of six months and placed the respondent under the supervision of ACS for a period of 12 months has been rendered academic, as it has expired by its own terms (see Matter of Kailey Z. [Nancy Z.], 185 AD3d 832, 833; Matter of Ava A. [Steven A.], 179 AD3d 666, 667). However, the appeal from so much of the order of disposition as brings up for review the finding that the respondent neglected the children is not academic, since the adjudication of neglect constitutes a permanent stigma which might indirectly affect the respondent's status in future proceedings (see Matter of Cerise M. [Michael M.], 177 AD3d 743, 745).
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kiara C. [David C.], 85 AD3d 1025, 1026; see Matter of Cerise M. [Michael M.], 177 AD3d at 745). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047; see Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064). "Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616).
Contrary to the respondent's contention, a preponderance of the credible evidence established that he neglected the subject children by grabbing the mother's neck and slamming her to the ground, in the children's presence, which resulted in the older child being pushed to the ground when he tried to intervene (see Matter of Nina P. [Giga P.], 180 AD3d at 1048; Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 724; Matter of Kiara C. [David C.], 85 AD3d at 1026). Minor inconsistencies in the testimony presented by ACS did not render such testimony unworthy of belief (see Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178). The Family Court's determination, based upon its credibility assessment accepting the mother's testimony regarding the incident, and rejecting the respondent's account, is supported by the record (see Matter of Cerise M. [Michael M.], 177 AD3d at 745).
The respondent's remaining contention is not properly before this Court.
MASTRO, J.P., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court