Matter of Skye H. (Tianna S.) (2021 NY Slip Op 03585)





Matter of Skye H. (Tianna S.)


2021 NY Slip Op 03585


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2019-01017
2019-13026
 (Docket Nos. N-2551-17, N-2252-17, N-2553-17, N-2556-17, N-2557-17, N-2558-17, N-2559-17, N-2260-17)

[*1]In the Matter of Skye H. (Anonymous). Dutchess County Department of Community and Family Services, respondent; 
and
Tianna S. (Anonymous), et al., appellants. (Proceeding No. 1)
In the Matter of Davion H. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Tianna S. (Anonymous), et al., appellants. (Proceeding No. 2)
In the Matter of Troy H. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Tianna S. (Anonymous), et al., appellants. (Proceeding No. 3)
In the Matter of Nathaniel S. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Tianna S. (Anonymous), et al., appellants. (Proceeding No. 4)


Tianna S. and Matthew S., Glenham, NY, appellants pro se.
Caroline E. Blackburn, County Attorney, Poughkeepsie, NY (Laura Gail Skojec of counsel), for respondent.
Thomas M. Gambino, Poughkeepsie, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother and Matthew S. appeal from (1) an order of fact-finding of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated January 3, 2019, and (2) an order of disposition of the same court dated September 30, 2019. The order of fact-finding, after a fact-finding hearing, found that the mother and Matthew S. neglected the subject children Skye H., Davion H., and Troy H., and derivatively neglected the subject child Nathaniel S. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, continued the placement of the subject children in the care [*2]of the petitioner for a period of up to 12 months and placed the mother and Matthew S. under the supervision of the petitioner for a period of up to 12 months.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as continued the placement of the subject children in the care of the petitioner for a period of up to 12 months and placed the mother and Matthew S. under the supervision of the petitioner for a period of up to 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order of disposition as relates to the custody and parental access provisions of the order of disposition pertaining to the subject child Skye H. is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as continued the placement of the subject children in the care of the petitioner for a period of up to 12 months and placed the mother and Matthew S., who is the stepfather of subject children Skye H., Davion H., and Troy H. and the father of the subject child Nathaniel S., under the supervision of the petitioner for a period of up to 12 months has been rendered academic, as that portion of the order expired by its own terms (see Matter of Jermaine T. [Jairam T.], 193 AD3d 943; Matter of Boobacar R. [Curtis G.], 188 AD3d 1073; Matter of Eternity S. [Vanessa P.], 183 AD3d 748). Furthermore, Skye is now 18 years old and is no longer subject to the custody and parental access provisions of the order of disposition (see Family Ct Act § 119[c]; Matter of Jermaine T. [Jairam T.], 193 AD3d 943).
However, the appeal from so much of the order of disposition as brings up for review the finding that the mother and Matthew (hereinafter together the appellants) neglected the children is not academic, since the adjudication of neglect constitutes a permanent stigma which might indirectly affect the appellants' status in future proceedings (see Matter of Jermaine T. [Jairam T.], 193 AD3d 943; Matter of Boobacar R. [Curtis G.], 188 AD3d at 1074).
The Family Court properly found that the children Davion and Troy were neglected by the appellants. In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b]). Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor (see Matter of Je'laya J. [Tracey S.], 192 AD3d 1032; Matter of Janiya T. [Johnas M.], 191 AD3d 681; Matter of Kishanda S. [Stephan S.], 190 AD3d 747).
Here, at the fact-finding hearing, both appellants invoked their Fifth Amendment rights and did not answer any questions or provide any evidence. This allowed the Family Court to draw the strongest inference against them that the opposing evidence in the record permits (see Matter of Commissioner of Social Servs. v Phillip De G., 59 NY2d 137; Matter of Michael U. [Marcus U.], 110 AD3d 821).
Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect. Even a single incident of excessive corporal punishment may suffice to sustain a finding of neglect (see Matter of Je'laya J. [Tracey S.], 192 AD3d at 1033; Matter of Elijah P. [Jane W.], 191 AD3d 984; Matter of Janiya T. [Johnas M.], 191 AD3d at 682-683). Here, the Family Court correctly determined that the petitioner established by a preponderance of the evidence that the appellants neglected Davion and Troy by regularly inflicting excessive corporal punishment on them. The testimony of the children was not necessary to make a finding of neglect (see Family Ct Act § 1046[a][vi]), but Skye and Davion did testify under oath at the hearing, and their sworn [*3]testimony was sufficient to establish a prima facie case of neglect (see Matter of Ida EE., 31 AD3d 923; Matter of Alexander C., 30 AD3d 593). Although no school official or agency caseworker testified that they observed physical injuries on the children, the absence of physical injury was not dispositive (see Matter of Jaivon J. [Patricia D.], 148 AD3d 890; Matter of Sylvia G. [Barbara G.], 113 AD3d 498). Furthermore, the petitioner established by a preponderance of the evidence that the appellants neglected Davion and Troy by leaving them alone and unsupervised for a week at a time while they went on vacation with the youngest child, Nathaniel, on more than one occasion (see Matter of Etonlivon C. [Lorris C.], 189 AD3d 1394).
Furthermore, the Family Court's finding that Matthew neglected Davion and Troy by engaging in acts of domestic violence against the mother in their presence was supported by a preponderance of the evidence. Davion and Skye testified to acts of domestic violence committed by Matthew against the mother in the older children's presence. Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding (see Matter of Jermaine T. [Jairam T.], 193 AD3d 943; Matter of Boobacar R. [Curtis G.], 188 AD3d at 1075; Matter of Eternity S. [Vanessa P.], 183 AD3d at 751). Davion and Troy were in imminent danger of physical impairment due to their close proximity to the violence (see Matter of Na'ima W. [Kenyatta W.], 192 AD3d 1127; Matter of J.R.M.-C. [Antonio M.], 176 AD3d 623; Matter of Zelda McM. [Patrick L.-O. McM.], 154 AD3d 573).
The Family Court also properly found that Nathaniel was a derivatively neglected child. While proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of the respondent, a finding of abuse or neglect as to one sibling does not mandate a finding of derivative abuse or neglect as to the other siblings. The focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care (see Matter of Blima M. [Samuel M.], 150 AD3d 1006; Matter of Eliora B. [Kennedy B.], 146 AD3d 772; Matter of Harmony M.E. [Andre C.], 121 AD3d 677). Relevant to this inquiry is the nature of the direct abuse or neglect, notably its duration and the circumstances surrounding its commission (see Matter of Blima M. [Samuel M.], 150 AD3d at 1008). Here, the appellants' conduct in regularly administering excessive corporal punishment to the three older children indicated that there was a fundamental defect in the appellants' understanding of the duties of parenthood and demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in their care. Their consistent use of excessive corporal punishment on the three older children created a substantial risk that they would use such punishment on the youngest child, Nathaniel, as well.
LASALLE, P.J., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court