Matter of Alexa S. (Rachel J. S.) (2021 NY Slip Op 05859)





Matter of Alexa S. (Rachel J. S.)


2021 NY Slip Op 05859


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2020-05554
 (Docket No. N-8268-18/19C)

[*1]In the Matter of Alexa S. (Anonymous). Administration for Children's Services, respondent;
and
Rachel J. S. (Anonymous), appellant.


Lisa A. Manfro, Glen Cove, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Jeremy W. Schweder and Cynthia Kao of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the stepmother appeals from an amended order of disposition of the Family Court, Queens County (Connie Gonzalez, J.), dated April 28, 2020. The amended order of disposition, insofar as appealed from, after a hearing, modified an order of fact-finding and disposition of the same court dated September 18, 2018, so as to place the subject child in the custody of the nonrespondent father under the supervision of the Administration for Children's Services and the Dutchess County Department of Social Services for a period of 12 months and revoke a suspended judgment granted in the order of fact-finding and disposition, and adjudicated the child neglected by the stepmother.
ORDERED that the appeal from so much of the amended order of disposition as placed the subject child in the custody of the nonrespondent father under the supervision of the Administration for Children's Services and the Dutchess County Department of Social Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the amended order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In 2018, the Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the stepmother neglected the subject child. In an order of fact-finding and disposition dated September 18, 2018, the Family Court, among other things, entered a finding of neglect as against the stepmother, and granted a suspended judgment for a period of nine months upon certain conditions, including that she complete a substance abuse program and submit to random drug and alcohol screenings. The court issued an order of protection on that same date which, inter alia, prohibited the stepmother from engaging in acts of corporal punishment against the child. Thereafter, ACS filed a petition to modify the order of fact-finding and disposition, and a violation petition, alleging that the stepmother violated the terms of the order of protection.
Following a hearing, the Family Court issued an amended order of disposition which, among other things, modified the order of fact-finding and disposition so as to place the child in the custody of the nonrespondent father under the supervision of ACS and the Dutchess County Department of Social Services (hereinafter DSS) for a period of 12 months and revoked the suspended judgment, and adjudicated the child neglected by the stepmother. The stepmother appeals.
The stepmother's appeal from so much of the amended order of disposition as placed the child in the custody of the nonrespondent father under supervision by ACS and DSS for a period of 12 months from April 28, 2020, has been rendered academic, as that portion of the order expired by its own terms (see Matter of Jermaine T. [Jairam T.], 193 AD3d 943). However, the portion of the stepmother's appeal which, in effect, challenges the Family Court's determination that adjudicated the child neglected by the stepmother is not academic, since the adjudication of neglect constitutes a permanent stigma which might indirectly affect the stepmother's status in future proceedings (see Matter of Boobacar R. [Curtis G.], 188 AD3d 1073).
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." This statute "expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Angelina AA., 222 AD2d 967, 968-969 [internal quotation marks omitted]). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223, 1234 [internal quotation marks omitted]).
The Family Court's determination to modify the prior order of fact-finding and disposition upon good cause shown was supported by a sound and substantial basis in the record and was consistent with the best interests of the child (see Family Ct Act § 1061; Matter of Yosepha K. [Chana D.], 165 AD3d 932, 933).
The stepmother's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court