Matter of Trinity E. (Sherry E.) (2021 NY Slip Op 07315)





Matter of Trinity E. (Sherry E.)


2021 NY Slip Op 07315


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-09576
 (Docket No. N-2099-20)

[*1]In the Matter of Trinity E. (Anonymous). Nassau County Department of Social Services, respondent; Sherry E. (Anonymous), appellant.


Amy L. Colvin, Huntington, NY, for appellant.
Jessica Molinares Kalpakis, Acting County Attorney, Mineola, NY (Robert F. Van der Waag and Felicia Gross of counsel), for respondent.
Brynde Berkowitz, East Meadow, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from a corrected order of fact-finding and disposition of the Family Court, Nassau County (Robin M. Kent, J.), dated February 24, 2021. The corrected order of fact-finding and disposition, after a fact-finding hearing, found that the mother neglected the subject child and, upon consent, placed the mother under the supervision of the Nassau County Department of Social Services until November 3, 2021, and directed her to comply with certain conditions.
ORDERED that on the Court's own motion, the notice of appeal from an order of fact-finding and disposition is deemed to be a premature notice of appeal from the corrected order of fact-finding and disposition (see CPLR 5520[c]); and it is further,
ORDERED that the appeal from so much of the corrected order of fact-finding and disposition as placed the mother under the supervision of the Nassau County Department of Social Services until November 3, 2021, and directed her to comply with certain conditions, is dismissed, without costs or disbursements; and it is further,
ORDERED that the corrected order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the corrected order of fact-finding and disposition as, upon consent, placed the mother under the supervision of the Nassau County Department of Social Services until November 3, 2021, and directed her to comply with certain conditions must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Dayyan J.L. [Dayyan L.], 131 AD3d 1245, 1246). In any event, that portion of the corrected order of fact-finding and disposition has been rendered academic, as it has expired by its own terms (see Matter of Skye H. [Tianna S.], 195 AD3d 711, 713). However, the Family Court's finding that the mother neglected the subject child is not academic, since an adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in [*2]future proceedings (see id. at 713; Matter of Najad D. [Kiswana M.], 99 AD3d 707, 708).
In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses, having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor (see Matter of Skye H. [Tianna S.], 195 AD3d at 713).
Here, the Family Court's determination that the mother neglected the then-seven-month-old child by leaving the child alone in the hotel room where the mother was temporarily residing was supported by a preponderance of the credible evidence (see Matter of Benjamin S.S. [Randy S.], 163 AD3d 825, 825; Matter of Taylor P. [Kevin R.], 163 AD3d 678, 679; Matter of Malachi H. [Dequisa H.], 125 AD3d 478, 478).
The mother's remaining contentions are unpreserved for appellate review.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court