Matter of Webster v Larbour (2022 NY Slip Op 04333)

Matter of Webster v Larbour

2022 NY Slip Op 04333

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

532808
[*1]In the Matter of Courtenay Webster, Petitioner,
v
Randy Larbour, Appellant. (And Four Other Related Proceedings.)

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Samantha H. Miller, Schenectady, for appellant.

Ceresia, J.
Appeal from an amended order of the Family Court of Saratoga County (Pelagalli, J.), entered January 6, 2021, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed family offenses, and issued an order of protection.
Petitioner (hereinafter the wife) and respondent (hereinafter the husband) were married in August 2019. Subsequently, in April 2020, the wife filed a family offense petition alleging that the husband had committed harassment in the first or second degree based upon allegations that, on numerous occasions between July 2019 and April 2020, the husband had engaged in stalking, threatening and abusive behavior. Family Court issued a temporary order of protection, after which the wife filed several violation petitions alleging that the husband came to the residence and continued to contact her despite the order of protection. Following a fact-finding hearing, Family Court found that the husband had committed the family offenses of harassment in the first and second degrees, and granted two of the mother's violation petitions. Consequently, the Court issued a final order of protection in favorof the mother and her child.[FN1]
The husband's primary argument on appeal is that the wife utilized the subject Family Court proceeding to circumvent the eviction moratorium instituted as a result of the COVID-19 pandemic. More specifically, the husband contends that the wife's brother, who owns the residence where the husband and the wife had been jointly residing, wanted to evict the husband but was unable to do so due to the eviction moratorium and, to get around that, the wife agreed to orchestrate the instant proceeding. However, the husband made this very claim during his direct testimony, yet Family Court nevertheless found the wife's allegations of the husband's harassing behavior and multiple violations of the order of protection to be credible, and the court's credibility determinations are accorded great weight on appeal (see Matter of Stephanie R. v Walter Q., 203 AD3d 1440, 1440-1441 [2022]; Matter of Allen v Emery, 187 AD3d 1339, 1340 [2020]). Upon review of the hearing evidence — which demonstrated that the husband pushed the wife, threw a glass ornament at her and also engaged in intimidating behavior including following her and threatening to disclose intimate photos of her to her employer and the father of her child — we are satisfied that the wife established, by a fair preponderance of the evidence, that the husband committed the family offenses of harassment in the first and second degrees (see Matter of Stephanie R. v Walter Q., 203 AD3d at 1442; Matter of Michele OO. v Kevin PP., 161 AD3d 1248, 1249 [2018]). As for the husband's assertionthat Family Court should have considered his poor health and the fact that he had nowhere else to live before issuing a final order of protection barring him from the residence, the record [*2]reveals that this argument was presented to and considered by Family Court, but the court ultimately determined that the order of protection was necessary and appropriate, and we discern no error in that regard.
Contrary to the husband's further argument, we find that he has not been deprived of the right to meaningful appellate review as a result of an incomplete hearing transcript. Although it appears from the transcript and accompanying log that, due to an audio equipment malfunction in Family Court, a portion of the cross-examination and all of the redirect examination of the husband were not recorded, the husband's full direct examination, including the testimony he gave concerning his theory as to the wife's motivation for commencing the proceeding, is contained in the record for our review. As for the missing cross-examination and redirect examination, the husband has not identified the substance of this testimony, nor has he demonstrated its importance or relevance to the issues he now raises on appeal. As such, we find that the "missing information is neither material to the determination nor of such significance as to preclude meaningful review" (Matter of Borrero v Goord, 268 AD2d 853, 854 [2000] [internal quotation marks and citation omitted]; see Matter of Sessoms v Commissioner of Correctional Servs., 63 AD3d 1400, 1400 [2009]).
Egan Jr., J.P., Lynch, Pritzker and Fisher, JJ., concur.
ORDERED that the amended order is affirmed, without costs.

Footnotes

Footnote 1: The wife's child is not the biological child of the husband.