Matter of Lucas N. (Luis A. N.) (2023 NY Slip Op 00665)

Matter of Lucas N. (Luis A. N.)

2023 NY Slip Op 00665

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-00314
2022-00316
 (Docket Nos. N-1893-20, N-1894-20, N-1895-20)

[*1]In the Matter of Lucas N. (Anonymous). Administration for Children's Services, petitioner-respondent; 
and
Luis A. N. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Luis N. III (Anonymous). Administration for Children's Services, petitioner-respondent; Luis A. N. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Logan N. (Anonymous). Administration for Children's Services, petitioner-respondent; Luis A. N. (Anonymous), appellant, et al., respondent.

Christian P. Myrill, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Susan Paulson of counsel), for petitioner-respondent.
Chinyere U. Eze-Nliam, Jamaica, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of disposition of the Family Court, Queens County (Elenor R. Cherry, J.), dated December 9, 2021, and (2) an order of protection of the same court dated December 23, 2021. The order of disposition, insofar as appealed from, after a hearing, in effect, excluded the father from the home of the subject children and, upon the father's consent, directed the father to comply with certain conditions. The order of protection, insofar as appealed from, directed the father to stay away from the home of the subject children.
ORDERED that the appeal from so much of the order of disposition as, in effect, excluded the father from the home of the subject children is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order of disposition as, upon the father's consent, directed the father to comply with certain conditions is dismissed, without costs or [*2]disbursements; and it is further,
ORDERED that the appeal from so much of the order of protection as directed the father to stay away from the home of the subject children is dismissed as academic, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the father neglected the subject children by committing acts of domestic violence against the children's mother in their presence. At a fact-finding hearing, the father consented to the entry of a finding of neglect without admission against him pursuant to Family Court Act § 1051(a). Thereafter, at a dispositional hearing, the father consented to the children being released to their mother with a period of ACS supervision and certain conditions. The father objected to being excluded from the children's home but consented to all other conditions. The Family Court issued an order of disposition dated December 9, 2021, which, inter alia, in effect, excluded the father from the children's home and directed the father to comply with certain conditions. The court also issued an order of protection dated December 23, 2021, which, among other things, directed the father to stay away from the children's home. The father appeals.
It is undisputed that a stipulation entered into by the parties on March 7, 2022, and so-ordered by the Family Court, permitted the father to reside in the home with the children. Accordingly, the appeals from so much of the order of disposition as, in effect, excluded the father from the children's home and from so much of the order of protection as directed the father to stay away from the children's home must be dismissed as academic (see Matter of Riley P. [Raymond S.], 171 AD3d 757).
The appeal from so much of the order of disposition as, after releasing the children to the mother under the supervision of ACS for a period of 12 months, upon the father's consent, directed the father to comply with certain conditions, must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Trinity E. [Sherry E.], 200 AD3d 1015; Matter of Kevon G. [Keith G.], 196 AD3d 572).
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court