Matter of Mirianne A. (George A.) (2023 NY Slip Op 01505)

Matter of Mirianne A. (George A.)

2023 NY Slip Op 01505

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-01509
2022-01528
2022-01529
 (Docket Nos. N-27995-18, N-27996-18)

[*1]In the Matter of Mirianne A. (Anonymous). Administration for Children's Services, petitioner-respondent; George A. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Felina A. (Anonymous). Administration for Children's Services, petitioner-respondent; George A. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Richard Cardinale, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Tahirih M. Sadrieh and Kevin Osowski of counsel), for petitioner-respondent.
Christine Theodore, Spring Valley, NY, attorney for the child Mirianne A.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child Felina A.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Linda M. Capitti, J.), dated December 3, 2021, (2) an order of the same court dated January 31, 2022, and (3) an order of disposition of the same court also dated January 31, 2022. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father sexually abused the child Felina A. and derivatively abused the child Mirianne A. The order supplemented the order of fact-finding. The order of disposition, insofar as appealed from, was entered upon so much of the order of fact-finding as found that the father sexually abused the child Felina A. and derivatively abused the child Mirianne A. and upon the order.
ORDERED that the appeals from the order of fact-finding and the order are dismissed, without costs or disbursements, as those orders were superseded by the order of disposition and are brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father sexually abused the child Felina A. and derivatively abused the child Mirianne A. After a fact-finding hearing, the Family Court found, among other things, that the father sexually abused Felina A. and derivatively abused Mirianne A. The father appeals.
Contrary to the father's contention, the entirety of Felina A.'s testimony was recorded and transcribed. Therefore, there are no omissions or deficiencies in the transcripts of the fact-finding hearing that would preclude meaningful appellate review of the issues raised on the appeal from the order of disposition (see Matter of Webster v Larbour, 207 AD3d 825, 826; Matter of Steven Glenn R., 51 AD3d 802, 802-803).
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject children have been abused or neglected" (Matter of Katherine L. [Adrian L.], 209 AD3d 737, 739). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Desiree P. [Michael H.], 149 AD3d 841, 841).
Here, the Family Court's finding that the father sexually abused Felina A. was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]). Felina A. testified as to multiple instances of sexual abuse by the father that had occurred regularly since she was four or five years old, with the last instance occurring when she was 16 years old. In addition, when Felina A. was asked by a detective to describe identifying features on the father's penis, she told the detective that the father had a mole on his penis, which the father confirmed during his interview with the detective. Moreover, the court was entitled to draw the strongest negative inference against the father for his failure to testify (see Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567).
Additionally, the Family Court's finding that the father derivatively abused Mirianne A. was supported by a preponderance of the evidence. Although a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively abused or neglected (see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749), here, Felina A. testified that the abuse, which occurred over the course of more than a decade, often occurred while Mirianne A. was present in the home, and that on some occasions, Mirianne A. would knock on the locked door of the room in which the father was sexually abusing Felina A. This behavior evinced the father's flawed understanding of his duties as a parent and his impaired parental judgment sufficient to support the court's finding of derivative abuse (see Matter of Gabriele G. [David G.], 209 AD3d 734, 735; Matter of Harmonee B. [Roy B.], 161 AD3d 852, 853; cf. Matter of Katherine L. [Adrian L.], 209 AD3d at 739-740).
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court