Matter of Nash D. (Daniel D.) (2024 NY Slip Op 00765)

Matter of Nash D. (Daniel D.)

2024 NY Slip Op 00765

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-00452
 (Docket Nos. N-1553-22, N-1554-22, N-1555-22, N-1556-22, N-1558-22, N-1559-22, N-1561-22, N-1562-22)

[*1]In the Matter of Nash D. (Anonymous). Orange County Department of Social Services, respondent; 
and
Daniel D. (Anonymous), appellant. (Proceeding Nos. 1 and 2)
In the Matter of Cole D. (Anonymous). Orange County Department of Social Services, respondent; Daniel D. (Anonymous), appellant. (Proceeding Nos. 3 and 4)
In the Matter of Lila D. (Anonymous). Orange County Department of Social Services, respondent; Daniel D. (Anonymous), appellant. (Proceeding Nos. 5 and 6)
In the Matter of Gabriella D. (Anonymous). Orange County Department of Social Services, respondent; Daniel D. (Anonymous), appellant. (Proceeding No. 7 and 8) 

Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Linda P. DaSilva of counsel), for respondent.
Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Orange County (Christine P. Krahulik, J.), dated December 21, 2022. The order of fact-finding, upon a decision of the same court dated November 4, 2022, made after a hearing, found that the father abused and neglected the child Nash D. and derivatively abused and neglected the children Cole D., Lila D., and Gabriella D.
ORDERED that the order of fact-finding is affirmed, with costs to the petitioner.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the father abused and neglected the child Nash D. and derivatively abused and [*2]neglected the children Cole D., Lila D., and Gabriella D. Nash D. was hospitalized for six weeks after sustaining injuries following the father's removal of a pacifier from the then 7½-week-old child's mouth by using needle-nose pliers. At a fact-finding hearing, the petitioner's expert in child abuse pediatrics testified, inter alia, that the "picture was consistent with child abuse" and opined that the pacifier was pushed into Nash D.'s mouth, as it was developmentally impossible for Nash D. to place or push the pacifier into his own mouth. The father's medical expert testified that he did "not have an opinion on whether it was deliberate or accidental," but testified that it was "unlikely that a two-month-old is able to put a pacifier inside their own mouth as an act of . . . their own volition." The father did not testify at the hearing. After the hearing, the Family Court found that the father abused and neglected Nash D. and derivatively abused and neglected the other three children. The father appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see id. § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). Family Court Act § 1046(a)(ii) provides that a prima facie case of child abuse or neglect may be established by (1) evidence of an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) evidence that respondents were the caretakers of the child at the time the injury occurred (see Matter of Philip M., 82 NY2d 238, 243). "Although the burden of proving child abuse or neglect always remains with the petitioner, once a prima facie case has been established, a presumption of parental responsibility arises, and the burden of going forward to rebut the presumption shifts to the respondents" (Matter of Peter R., 8 AD3d 576, 577, citing Matter of Philip M., 82 NY2d at 244). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Desiree P. [Michael H.], 149 AD3d 841, 841).
Here, the petitioner established, prima facie, through, inter alia, the testimony of its expert, a first responder, and investigators, that the father abused and neglected Nash D. (see Family Ct Act § 1046[a][ii]; Matter of Philip M., 82 NY2d at 243-244; Matter of Semenah R. [Keno R.—Shanika R.], 135 AD3d 503). The father failed to rebut the presumption of parental responsibility by providing a reasonable explanation for Nash D.'s injuries (see Matter of Philip M., 82 NY2d at 245; Matter of Kamryn R. [Natalie R.], 187 AD3d 1192, 1194), and the Family Court was entitled to draw the strongest negative inference from the father's failure to testify at the fact-finding hearing (see Matter of Mirianne A. [George A.], 214 AD3d 864, 865).
Contrary to the father's contention, the Family Court's finding that he derivatively abused and neglected the other three children was supported by a preponderance of the evidence. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). There is no per se rule that a finding of abuse or neglect of one sibling requires a finding of derivative abuse or neglect with respect to the other siblings (see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749). The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for the other child or children in the parent's care (see Matter of Marino S., 100 NY2d 361, 374; Matter of Skye H. [Tianna S.], 195 AD3d 711, 714-715). Here, as the court found, the evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the father's understanding of the duties of parenthood and such an impaired level of parental judgment as to create a substantial risk of harm for any child in his care (see Matter of Skye H. [Tianna S.], 195 AD3d at 715).
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court