Matter of Legend C.-F. F. (Demetri H.) (2024 NY Slip Op 05206)

Matter of Legend C.-F. F. (Demetri H.)

2024 NY Slip Op 05206

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-06859
 (Docket No. N-7816-22)

[*1]In the Matter of Legend C.-F. F. (Anonymous). Administration for Children's Services, respondent; Demetri H. (Anonymous), appellant.

Kyle Sosebee, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Claude S. Platton and Karin Wolfe of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Kings County (Michael R. Milsap, J.), dated June 30, 2023. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
In April 2022, the Administration for Children's Services commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the subject child. In an order of fact-finding dated June 30, 2023, made after a fact-finding hearing, the Family Court found that the father neglected the child. The father appeals.
"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765; see Family Ct Act § 1046[b][i]). "To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784 [internal quotation marks omitted]).
Here, the Family Court properly found that the father neglected the child by putting the child's physical, mental, or emotional condition in imminent danger of impairment by the commission of acts of domestic violence against the mother in close proximity to the child (see Matter of Xierra N. [Lewis N.], 226 AD3d 790, 791; Matter of Abdul R. [Abdul G.], 225 AD3d 881, 882; Matter of Jayce W. [Lucinda J.], 224 AD3d 916, 917; Matter of Najaie C. [Niger C.], 173 [*2]AD3d 1011, 1012). Additionally, the court providently exercised its discretion in drawing a negative inference against the father for his failure to testify (see Matter of Nyla S. [Jason B.], 224 AD3d 691, 693; Matter of Mirianne A. [George A.], 214 AD3d 864, 865).
Under the circumstances of this case, the mother's statements in a domestic incident report were admissible as to the incident in issue under the excited utterance exception to the hearsay rule, with an added assurance of reliability, since she was a witness at the hearing subject to cross-examination (see People v Ortiz, 198 AD3d 924, 927). In any event, any error in admitting the mother's statements was harmless, as there was sufficient evidence of neglect without considering those statements (see Matter of Angelina J.W. [Tanya J.W.], 217 AD3d 773, 774-775; Matter of Jaylen S. [Richard S.], 214 AD3d 885, 886).
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court