Matter of Allison M. (Maria V.)

2026 NY Slip Op 03309

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Allison M. (Anonymous). Administration for Children's Services, petitioner- respondent; Maria. (Anonymous), appellant, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2023-11245, (Docket No. N-3062-22)

Angela G. Iannacci, J.P.

Barry E. Warhit

Lillian Wan

Donna-Marie E. Golia, JJ.

Brooklyn Defender Services, Brooklyn, NY (Brian Holbrook and Mariela Mannion of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Melanie T. West and Eva L. Jerome of counsel), for petitioner-respondent.

Steven P. Forbes, Huntington, NY, attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated October 26, 2023. The order of disposition, insofar as appealed from, was entered upon an order of fact-finding of the same court dated September 29, 2023, made after a fact-finding hearing, finding that the mother derivatively neglected the subject child.

ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

In prior proceedings commenced pursuant to Family Court Act article 10, the Administration for Children's Services (hereinafter ACS) alleged, inter alia, that the mother's boyfriend had sexually abused the subject child's older sister on multiple occasions, that the mother had neglected the older sister by permitting the boyfriend to have continued access to, and contact with, the older sister after she had reported the sexual abuse to the mother, and that the mother had abused and neglected the child. After a fact-finding hearing, the Family Court found that the mother's boyfriend, a person legally responsible for the child and the older sister, had sexually abused and neglected the older sister and that the mother had neglected the older sister by permitting the boyfriend to have continued access to, and contact with, the older sister after she had reported the sexual abuse to the mother. On appeal, this Court affirmed those findings (see Matter of Yeimi M. [Maria S.V.], 224 AD3d 837; Matter of Yeimi M. [Atilio C.], 224 AD3d 836). The Family Court, however, dismissed the allegations in the petition in the prior proceedings that the mother abused and neglected the child, stating that it could not "rule on whether [the] child was derivatively neglected by the . . . mother, because such relief was not pled" in the petition.

In March 2022, ACS commenced the instant proceeding alleging, inter alia, that the mother had derivatively neglected the child based in part upon the mother's neglect of the older [*2]sister. The mother moved pursuant to CPLR 3211(a)(5) to dismiss the petition insofar as asserted against her as barred by the doctrine of res judicata. The Family Court denied the mother's motion. After a fact-finding hearing, the Family Court found that the mother had derivatively neglected the child. The mother appeals.

Contrary to the mother's contention, the allegations in the petition that she derivatively neglected the child were not barred by the doctrine of res judicata, because the allegations against the mother in the prior proceedings concerning the child were not dismissed on the merits (see Matter of Tekiara F. [Gayle A.E.], 116 AD3d 852, 853; Matter of Demetrius B., 28 AD3d 1249, 1250; see also Djoganopoulos v Polkes, 67 AD3d 726, 727). In addition, to the extent the petition contains allegations concerning matters that occurred subsequent to the commencement of the prior proceedings, the Family Court properly found that these allegations were not barred by the doctrine of res judicata (see Matter of Mercedes R., 300 AD2d 664, 665; Matter of Nassau County Dept. of Social Servs. [Jean G.], 225 AD2d 779, 780-781). Therefore, the court properly denied the mother's motion pursuant to CPLR 3211(a)(5) to dismiss the petition insofar as asserted against her as barred by the doctrine of res judicata.

"While proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of the respondent, a finding of abuse or neglect as to one sibling does not mandate a finding of derivative abuse or neglect as to the other siblings" (Matter of Skye H. [Tianna S.], 195 AD3d 711, 714; see Matter of Blima M. [Samuel M.], 150 AD3d 1006, 1008). However, "[w]here a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted" (Matter of Leah S. [Barnett V.], 228 AD3d 667, 669 [internal quotation marks omitted]). "Relevant to this inquiry is the nature of the direct abuse or neglect, notably its duration and the circumstances surrounding its commission" (Matter of Skye H. [Tianna S.], 195 AD3d at 715; see Matter of Blima M. [Samuel M.], 150 AD3d at 1008).

Here, the Family Court's finding that the mother derivatively neglected the child based upon the mother's neglect of the older sister was supported by a preponderance of the credible evidence. The mother's conduct in permitting her boyfriend to have continued access to, and contact with, the child and her older sister after the sexual abuse was reported to the mother and before the prior proceedings were commenced indicated a fundamental defect in the mother's understanding of the duties of parenthood and demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in her care (see Matter of Malik M. [Taishona M.], 236 AD3d 1034, 1037-1038; Matter of Jose E. [Jose M.], 176 AD3d 1201, 1203; Matter of Alexis C., 27 AD3d 646, 648; Matter of Krystin M., 294 AD2d 577, 578).

The attorney for the child's remaining contentions are without merit.

IANNACCI, J.P., WARHIT, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court