■ In the Matter of IAN DD. and Another, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATHLEEN DD., Appellant. In the Matter of IAN DD. and Another, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES CC., Appellant. [675 NYS2d 240] —Spain, J. Appeals from two orders of the Family Court of Tompkins County (Sherman, J.), entered October 3, 1996, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate Ian DD. and Ceara CC. to be neglected children.

Respondent Kathleen DD. (hereinafter the mother) is the mother of Ian (born in 1989) and Ceara (born in 1995). Ian's father is deceased but Ian resides with his mother and respondent James CC. (hereinafter James), who is the father of Ceara. By amended petitions dated February 15, 1996, petitioner alleged that, pursuant to Family Court Act § 1012 (f) (i), James neglected the children by engaging in domestic violence in their presence and by failing to protect them from the mother while she was intoxicated. Petitioner also alleged that the mother had neglected the children through her abuse of alcohol to the extent that she lost control of her actions and that she engaged in domestic violence in front of her children. Following a fact-finding hearing, Family Court credited the testimony of petitioner's caseworkers and concluded that respondents had neglected the children. This finding was based upon the court's conclusion that the mother suffered from a serious alcohol abuse problem which led to periodic violence in her home and that James had neglected the children through his failure to protect the children from the mother when she was intoxicated. Following a dispositional hearing, Family Court placed respondents under the supervision of petitioner for a period of 12 months. Orders to this effect were thereafter entered, from which respondents separately appeal.

First, we are unpersuaded by the mother's claim that petitioner failed to establish her neglect of the children by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.*, 71 NY2d 112). In our view, the testimony of petitioner's witnesses, specifically credited by Family Court in the exercise of its fact-finding role, was sufficient to find that the children's

"physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of * * *

"[the mother's] misus[e] [of] alcoholic beverages to the extent that [she] loses self-control of [her] actions" (Family Ct Act § 1012 [f] [i] [B]).

Although the mother denied that she abused alcohol or engaged in any domestic violence, the totality of the evidence supports Family Court's determination and we find no reason to disturb it.

We are similarly unpersuaded by James' claim that petitioner failed to establish his neglect of the children by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; *Matter of Nicole V., supra*). In our view, the testimony of the witnesses was sufficient to find that the children's "physical, mental and emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [James] * * * to exercise a minimum degree of care" in supplying the children with proper supervision or guardianship (Family Ct Act § 1012 [f] [i]). The testimony of the caseworkers indicated that in response to the mother's erratic behavior when she was drinking, James would retreat to his room and allow the children to be left solely in the mother's care. The evidence also showed that although James attempted to care for the children, his inability to deal with and confront the mother's abuse of alcohol rendered such attempts unsuccessful. In light of the deference paid to Family Court's determination of witnesses' credibility in a neglect proceeding (see, *Matter of Michelle S.*, 195 AD2d 721, 722; see also, *Matter of Claudia C.*, 103 AD2d 845), we conclude that the allegations in the amended petitions were supported by a preponderance of the evidence and that the situation warranted ongoing supervision by petitioner in order to protect the safety of the children.

Finally, although unpreserved for appellate review, we reject respondents' further argument that the opening statement by petitioner's counsel at the fact-finding hearing was improper. Upon our review of the record, we conclude that nothing in the opening statement so prejudiced respondents that a reversal would be required.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.