■ In the Matter of WHITNEY H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DENISE H., Appellant. (Proceeding No. 1.) In the Matter of BRITTANY J., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DENISE H., Appellant. (Proceeding No. 2.) In the Matter of ROYESHA B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DENISE H., Appellant. (Proceeding No. 3.) [798 NYS2d 451]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from three orders of disposition of the Family Court, Queens County (Friedman, J.), all dated April 20, 2004 (one as to each child), which, upon three fact-finding orders of the same court dated June 17, 2003, made after a joint hearing, found that she had neglected the subject children and placed Whitney H. and Brittany J. in the custody of the Administration for Children's Services for a period of one year, and placed Royesha B. in the custody of her biological father.

Ordered that the appeals from so much of the orders of disposition as placed Whitney H. and Brittany J. in the custody of the Administration for Children's Services for a period of one year are dismissed, without costs or disbursements, as academic, as the period of placement has expired (*see Matter of Shanita V.,* 7 AD3d 804 [2004]); and it is further,

Ordered that the orders of disposition regarding Whitney H. and Brittany J. are affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order of disposition regarding Royesha B. is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the petitioner set forth prima facie evidence establishing that the appellant's children were neglected due to the appellant's abuse of alcohol (*see Matter of William T.,* 185 AD2d 413, 414 [1992]).

Through the testimony of its case worker, the petitioner set forth that the appellant, while drinking on September 11, 2001, threw Brittany J.'s shoes out of the house, and subsequently locked Whitney H. outside when she attempted to retrieve them. When Brittany J. attempted to open the lock, the appellant struck her. Both Whitney H. and Brittany J. told the petitioner's caseworker that the appellant drank around one to two cans of beer or malt liquor every day. The Family Court, upon considering the evidence presented, established that the behavior and actions of the appellant, especially on September 11, 2001, "when children were seeking additional comfort from those in authority, from people they loved and trusted, teachers [and] parents," lacked judgment, insight, and control due to the ingestion of alcoholic beverages (*see* Family Ct Act § 1046 [a] [iii]). The Family Court properly drew a negative inference from the mother's decision not to testify (*see Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141 [1983]; *Matter of Themika V.,* 205 AD2d 787 [1994]).

Although the mother denied to the petitioner's caseworker

that she abused alcohol, the totality of the evidence supports the Family Court's determination (*Matter of Ian DD.,* 252 AD2d 669, 670 [1998]). We find no reason to disturb it. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.