■ In the Matter of SOPHIA P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EMAN C., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of SAMANTHA J., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EMAN C., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of CHRISTINA J., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EMAN C., Appellant, et al., Respondent. (Proceeding No. 3.) [886 NYS2d 637]—

In three related proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Richmond County (DiDomenico, J.), dated November 5, 2007, as, upon a fact-finding order of the same court dated September 11, 2007, determined that she had neglected the subject children. The appeal from the order of disposition brings up for review the fact-finding order dated September 11, 2007.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court's finding of neglect as to Christina J. and Samantha J., based on the mother locking them out of her home overnight, and locking Samantha J. in a room while she left the home to go to the bank, is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]). Furthermore, because the mother's conduct toward Christina J. and Samantha J. demonstrated a fundamental defect in her understanding of parental duties relating to the care of children, there was sufficient evidence to make a finding of derivative neglect as to Sophia P. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Amber C.,* 38 AD3d 538 [2007]). Dillon, J.P., Eng, Belen and Hall, JJ., concur.