Order of disposition, Family Court, Bronx County (Jane Pearl, J.), entered on or about April 2, 2012, insofar as it brings up for review the fact-finding determination that respondents neglected the subject children, Amondie T. and Brittany H., and that by their actions, derivatively neglected a third child, Tatiana F., unanimously affirmed, without costs, and the appeal from that portion of the order placing the subject children in the custody of the Commissioner of Social Services until the completion of the next permanency hearing scheduled for April *499 11, 2012, unanimously dismissed, without costs, as moot. Appeal from order of fact-finding, same court and Judge, entered on or about January 17, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect against respondent mother is supported by a preponderance of the evidence. The record establishes that between March 2010 and May 2010, she locked her 17-year-old son and 15-year-old daughter out of the home for substantial periods of time, or overnight, on several occasions and did not provide them with money, clothing or food (see Matter of Sophia P., 66 AD3d 908, 908-909 [2d Dept 2009]). A preponderance of the evidence demonstrates that respondent father also neglected the children because he knew or should have known that the mother was locking them out of the home and did not provide them with financial support, clothing or food during this time period (see Matter of Joseph Benjamin P. [Allen P.], 81 AD3d 415, 416 [1st Dept 2011], lv denied 16 NY3d 710 [2011]). The fact that respondent father worked nights and allowed respondent mother to be in charge of disciplining the children is not a defense to the charge of neglect.
In addition, the Family Court properly determined that respondents failed to plan for the children’s future. In fact, in a meeting with ACS, respondent mother told a caseworker that she would rather not have the children back in the home and wanted them to be voluntarily placed with their maternal uncle; respondent father agreed. However, “voluntary placement is appropriate only where a parent is unable to care for his or her child, and not where a parent is simply unwilling to do so,” which is the case here (Matter of Lamarcus E. [Jonathan E.], 94 AD3d 1255, 1257 [3d Dept 2012]).
The court properly exercised its discretion in denying the application to dismiss the petition as to respondents’ son after he turned 18 years old, because he was 17 years old when the petitions were filed, and consented to continuing his placement in foster care (see Family Ct Act § 1013 [c]; Matter of Sayeh R., 91 NY2d 306, 310 n 1 [1997]).
The determination that respondents, by locking their 17-year old son and 15-year old daughter out of the home for extended periods of time, derivatively neglected their 16-year old daughter, is supported by a preponderance of the evidence. Respondents’ actions showed that they have a fundamental defect in their understanding of their parental obligations (see Sophia P., 66 AD3d at 909). Concur — Tom, J.P., Friedman, Freedman and Feinman, JJ.