■ In the Matter of KURT K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KAREN K., Appellant. [19 NYS3d 183]— Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Daniel Turbow, J.), dated January 13, 2015. The order, after fact-finding and dispositional hearings, found that the mother neglected the subject child, and placed the child in the custody of the Commissioner of Social Services of the City of New York.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

As the Family Court properly found, the presentment agency established by a preponderance of the evidence that the mother neglected the subject child, based on evidence of her failure to provide proper supervision and guardianship, leading to imminent danger of the child's mental, emotional, or physical well-being becoming impaired (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Jah Quan F. [Yadira P.]*, 127 AD3d 969 [2015]; *Matter of Rosemary V. [Jorge V.]*, 103 AD3d 484 [2013]; *Matter of Sophia P.*, 66 AD3d 908 [2009]; *Matter of Debraun M.*, 34

AD3d 587 [2006]; *Matter of Whitney H.*, 19 AD3d 491, 492 [2005]). At the fact-finding hearing, a police officer and an Administration for Children's Services caseworker each testified that the child stated that he lived with his mother and that she had locked him out of their apartment on two occasions. Contrary to the mother's contentions, these out-of-court statements were sufficiently corroborated by other evidence in the record (*see Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d 891, 892 [2014]; *Matter of Iouke H. [Terrence H.]*, 94 AD3d 889, 890-891 [2012]; *Matter of Alexander M. [Benjamin M.]*, 88 AD3d 794, 795 [2011]).

Any error in admitting into evidence portions of certain domestic incident reports containing out-of-court statements made by the child to a police officer was harmless under the circumstances of this case. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.