Matter of Leo A. G.-H. B. (Natalie G.) (2020 NY Slip Op 01500)





Matter of Leo A. G.-H. B. (Natalie G.)


2020 NY Slip Op 01500


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-02859
2019-02860
 (Docket Nos. N-19176-18, N-19177-18, N-19178-18)

[*1]In the Matter of Leo A. G.-H. B. (Anonymous). Administration for Children's Services, respondent; Natalie G. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Gita G. (Anonymous). Administration for Children's Services, respondent; Natalie G. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Adele G. (Anonymous). Administration for Children's Services, respondent; Natalie G. (Anonymous), appellant. (Proceeding No. 3.)


David Laniado, Cedarhurst, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Melanie T. West and Jonathan A. Popolow of counsel), for respondent.
Deana Balahtsis, New York, NY, attorney for the children Adele G. and Gita G.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Mildred T. Negron, J.), dated February 1, 2019, and (2) an order of disposition of the same court dated February 26, 2019. The order of fact-finding, after a hearing, found that the mother neglected the child Leo A. G.-H. B. and derivatively neglected the children Gita G. and Adele G. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the mother under the supervision of the Administration for Children's Services, upon certain terms and conditions, until August 26, 2019.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the mother under the supervision of the Administration for Children's Services, upon certain terms and conditions, until August 26, 2019, is dismissed as academic, without costs or disbursements; and it [*2]is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10 alleging that the mother neglected the child Leo A. G.-H. B (hereinafter Leo) by failing to provide him with adequate guardianship and supervision, and derivatively neglected the children Gita G. and Adele G. After a fact-finding hearing, the Family Court found that the mother neglected the children as alleged in the petitions. After a dispositional hearing, the court, inter alia, released the children to the custody of the mother and placed the mother under the supervision of the Administration for Children's Services, upon certain terms and conditions, until August 26, 2019. The mother appeals.
The record supports the Family Court's resolution of credibility issues (see Matter of Olivia R. [Kaila G.], 138 AD3d 1122, 1123). The evidence at the fact-finding hearing established that one morning while the mother was driving the children to their Manhattan school from Queens, she became angry with Leo, threw his cell phone out the window, stopped the car one block from an entrance ramp to the Queensboro Bridge, and ordered the child out of the car. After Leo exited the car, the mother drove away and brought the other two children to their school in Manhattan. Leo was 11 years old and took medication for ADHD. He had never taken the subway by himself before and was not familiar with the area of Queens where the mother left him. He did not know his address, his mother's phone number, or the address or phone number of his school. Leo wandered for several blocks before two bystanders became concerned and called the police. Meanwhile, after bringing the other two children to school, the mother returned to the area where she had ordered Leo out of the car, but could not find him. She returned home without contacting the police or taking further steps to ensure the child's safety. Four hours after the initial incident, the police contacted the mother and informed her that Leo was in their care. The Family Court's finding that the mother neglected Leo by failing to provide proper supervision and guardianship, leading to imminent danger of the child's mental, emotional, or physical well-being was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i], 1046[b][i]; Matter of Olivia R. [Kaila G.], 138 AD3d at 1123; Matter of Kurt K. [Karen K.], 133 AD3d 755; Matter of Shasha B. [Erica B.], 73 AD3d 587, 587-588; Matter of Debraun M., 34 AD3d 587).
Furthermore, the mother's conduct toward Leo indicated a fundamental defect in her understanding of the duties of parenthood and demonstrated such an impaired level of parental judgment as to create a substantial risk of harm to the other two children as to support the finding of derivative neglect as to them (see Matter of Justine N. [Patricia M.], 136 AD3d 452; Matter of Amondie T. [Karen S.], 107 AD3d 498, 499; Matter of Sophia P., 66 AD3d 908, 909).
The mother's contention that the Family Court should have dismissed the petitions pursuant to Family Court Act § 1051(c), raised for the first time on appeal, is not properly before this Court (see Matter of Eliza V. [Hung V.], 159 AD3d 827, 829; Matter of Eunice D. [James F.D.], 111 AD3d 627, 629).
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court