Matter of Raven B. (Calvin B.) (2020 NY Slip Op 03658)





Matter of Raven B. (Calvin B.)


2020 NY Slip Op 03658


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-10236
 (Docket Nos. N-16780-15, N-16781-15, N-2204-16)

[*1]In the Matter of Raven B. (Anonymous). Administration for Children's Services, petitioner-respondent; Calvin B. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Dallas P. (Anonymous). Administration for Children's Services, petitioner-respondent; Calvin B. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Chloe B. (Anonymous). Administration for Children's Services, petitioner-respondent; Calvin B. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)


Heath J. Goldstein, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and John Moore of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Calvin B. appeals from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated July 20, 2018. The order, insofar as appealed from, after a fact-finding hearing, found that Calvin B. derivatively abused the children Raven B. and Chloe B.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The background facts to these proceedings are set forth in this Court's decision and order on a companion appeal (see Matter of Dallas P. [Allison P.], __ AD3d __ [decided herewith]).
The Administration for Children's Services (hereinafter ACS) filed petitions alleging that Calvin B. abused his girlfriend's then two-year-old son, Dallas P., and derivatively abused his [*2]biological children, Raven B. and Chloe B. Following a fact-finding hearing, the Family Court dismissed the petition relating to Dallas P. on the ground that ACS failed to establish that Calvin B. was a person legally responsible for that child. Nevertheless, the court determined that a preponderance of the evidence established that Calvin B. derivatively abused his own children.
"[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Court Act § 1046[a][i]). "The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment so as to create a substantial risk of harm for the other child or children in the parent's care" (Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 784; see Family Ct Act § 1046[a][i]; Matter of Isabelle C. [Jarred B.], 179 AD3d 670; Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 774). In addition, "[a] parent who stands by while others inflict harm may be found responsible for that harm" (Matter of Amirah L. [Candice J.], 118 AD3d 792, 793).
Here, the Family Court's determination that Calvin B. derivatively abused Raven B. and Chloe B. was supported by a preponderance of the evidence. At the fact-finding hearing, ACS presented evidence that Calvin B. and his girlfriend, the mother of Dallas P., were caregivers of Dallas P. during the 24-hour period when he sustained a ruptured bowel requiring emergency surgery, and that Dallas P.'s injury would ordinarily not occur absent an act or omission of a parent or caregiver (see Matter of Dallas P. [Allison P.], __ AD3d __ [decided herewith]). Neither Calvin B. nor Dallas P.'s mother provided a reasonable explanation for Dallas P.'s injury (see Matter of Sheyla G.-R. [Jaime G.], 169 AD3d 676, 677; Matter of Logan C. [John C.], 154 AD3d 1100, 1104). Contrary to Calvin B.'s contention, the evidence adduced at the hearing failed to establish that Dallas P.'s injury arose from causes other than non-accidental trauma, or that the injury took place when someone else had access to the child during the relevant period (see Matter of Jonah B. [Ferida B.], 165 AD3d 787, 789-790; Matter of Nyair J. [Vernon J.], 155 AD3d 730, 732). Accordingly, we agree with the Family Court's determination that the abuse of Dallas P. demonstrated a fundamental defect in Calvin B.'s understanding of parental duties relating to the care of children, placing Raven B. and Chloe B. at substantial risk of harm (see Matter of Nyair J. [Vernon J.], 155 AD3d at 732-733; Matter of Davion E. [Latoya E.], 139 AD3d 944, 946).
Calvin B.'s contention that the Family Court should have dismissed the petitions relating to Raven B. and Chloe B. pursuant to Family Court Act § 1051(c), raised for the first time on appeal, is not properly before this Court (see Matter of Leo A.G.-H.B. [Natalie G.], 181 AD3d 599, 601).
Calvin B.'s remaining contention is without merit.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court