Matter of Katherine L. (Adrian L.) (2022 NY Slip Op 05691)

Matter of Katherine L. (Adrian L.)

2022 NY Slip Op 05691

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-04492
2021-04493
 (Docket Nos. N-18663-17, N-18664-17)

[*1]In the Matter of Katherine L. (Anonymous). Administration for Children's Services, respondent; Adrian L. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Heymi M. (Anonymous). Administration for Children's Services, respondent; Adrian L. (Anonymous), appellant. (Proceeding No. 2.)

Carol L. Kahn, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jessica Miller of counsel; Eliana Ramelson on the brief), for respondent.
Janis A. Parazzelli, Floral Park, NY, attorney for the child Katherine L.
Fredericka P. Bashir, Brooklyn, NY, attorney for the child Heymi M.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Ben Darvil, Jr., J.), dated November 20, 2020, and (2) stated portions of an order of disposition of the same court dated June 3, 2021. The order of fact-finding, after a fact-finding hearing, found that the father abused the child Heymi M. and derivatively neglected the child Katherine L. The order of disposition, inter alia, upon the order of fact-finding and after a dispositional hearing, placed the father under the supervision of the Administration for Children's Services until December 3, 2021.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the father under the supervision of the Administration for Children's Services until December 3, 2021, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is modified, on the facts, by deleting the provision thereof, upon the order of fact-finding, determining that the father derivatively neglected the child Katherine L., and substituting therefor a provision denying the petition alleging that the [*2]father derivatively neglected the child Katherine L. and dismissing that proceeding; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the order of fact-finding is modified accordingly.
The appeal from so much of the order of disposition as placed the father under the supervision of the Administration for Children's Services until December 3, 2021, must be dismissed as academic, as that portion of the order expired by its own terms (see Matter of Kyanna T. [Winston R.], 99 AD3d 1011, 1013). The findings of abuse and derivative neglect, however, constitute a permanent and significant stigma which might indirectly affect the father's status in future proceedings. Therefore, the appeal from the portion of the order of disposition that brings up for review the findings of abuse and derivative neglect is not academic (see id. at 1013).
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings, alleging, among other things, that the father sexually abused the then 14-year-old subject child Heymi M. and thereby derivatively neglected the then 5-year-old subject child Katherine L. After a fact-finding hearing, the Family Court found that the father sexually abused the child Heymi M. and derivatively neglected the child Katherine L. After a dispositional hearing, the court, inter alia, placed the father under the supervision of the ACS until December 3, 2021. The father appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject children have been abused or neglected (see id. § 1046[b][i]; Matter of Madeleine B. [Peter B.], 198 AD3d 641, 642). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Na'ima W. [Kenyatta W.], 192 AD3d 1127, 1128 [internal quotation marks omitted]; see Matter of Cecile D. [Kassia D.], 189 AD3d 1036, 1038).
Contrary to the contentions of the father and the attorney for the child Katherine L., the evidence adduced at the fact-finding hearing, including the sworn testimony of the child Heymi M., was sufficient to prove by a preponderance of the evidence that the father sexually abused the child Heymi M. on June 16, 2017, during an out-of-state camping trip (see Family Ct Act § 1046[b]; Matter of Shaquan A. [Fan Fan A.], 137 AD3d 1119, 1121; see also Matter of Tarahji N. [Bryan N.-Divequa C.], 197 AD3d 1317, 1318-1319).
As to the Family Court's finding of derivative neglect, while proof of the abuse or neglect of one child is admissible evidence on the issue of the abuse or neglect of any other child of the parent (see Family Ct Act § 1046[a][i]; Matter of Shaquan A. [Fan Fan A.], 137 AD3d at 1121), a finding of abuse or neglect as to one child does not mandate a finding of derivative abuse or neglect as to the other children (see Matter of M.W. [Mohammad W.], 172 AD3d 879, 881; Matter of Shaquan A. [Fan Fan A.], 137 AD3d at 1121). "The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment so as to create a substantial risk of harm for the other child or children in the parent's care" (Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 784, citing Matter of Marino S., 100 NY2d 361, 374; see Matter of Raven B. [Calvin B.], 185 AD3d 583, 583).
Here, there was a nine-year age difference between Heymi M., the child found to have been abused, and the other child, Katherine L. Moreover, the evidence adduced at the hearing shows that the children had different mothers, different living situations, and markedly different relationships with the father. Among other things, the younger child, Katherine L., lived with the father for her entire life but the older child, Heymi M., only started having contact with the father approximately one year before the incident of abuse. Additionally, the record reflects that the abuse occurred on one occasion outside the home, Katherine L. was not in the room when it occurred, and there is no evidence that Katherine L. was aware of the abuse. Under all these circumstances, the preponderance of the evidence did not support a finding of derivative neglect with respect to the child Katherine L. (see Matter of Shaquan A. [Fan Fan A.], 137 AD3d at 1121; Matter of Monica [*3]C.M. [Arnold A.], 107 AD3d 996, 997; Matter of Amoya S. [Henry C.-Syvonne C.], 100 AD3d 641, 642; cf. Matter of Osher W. [Moshe W.], 198 AD3d 904, 905).
The parties' remaining contentions are without merit.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court