Matter of Titus P. E. (Sherry S. E.) (2023 NY Slip Op 00999)

Matter of Titus P. E. (Sherry S. E.)

2023 NY Slip Op 00999

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-05656
2021-05657
2021-05658
2021-05659
 (Docket Nos. N-5884-18/21P, N-5586-18/21P, N-5887-18/21, N-5888-18/21, N-5889-18/21P, N-5890-18/21O, N-5891-18/21O, N-5892-18/21P, N-5893-18/21P, N-5894-18/21P, N-5895-18/21P)

[*1]In the Matter of Titus P. E. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; 
and
Sherry S. E. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Treasure F. E. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Sherry S. E. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Eve E. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Sherry S. E. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Robert J. E. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Sherry S. E. (Anonymous), appellant, et al., respondent. (Proceeding No. 4)
In the Matter of Thai E. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Sherry S. E. (Anonymous), appellant, et al., respondent.
(Proceeding No. 5)
In the Matter of Eli E. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Sherry S. E. (Anonymous), appellant, et al., respondent. (Proceeding No. 6)
In the Matter of Robin E. (Anonymous). Nassau County Department of Social Services, [*2]petitioner-respondent; Sherry S. E. (Anonymous), appellant, et al., respondent. (Proceeding No. 7)
In the Matter of Faith E. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Sherry S. E. (Anonymous), appellant, et al., respondent. (Proceeding No. 8)
In the Matter of Aiden E. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Sherry S. E. (Anonymous), appellant, et al., respondent. (Proceeding No. 9)
In the Matter of Hope E. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Sherry S. E. (Anonymous), appellant, et al., respondent. (Proceeding No. 10)
In the Matter of Amor E. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Sherry S. E. (Anonymous), appellant, et al., respondent. (Proceeding No. 11)

Amy L. Colvin, Halesite, NY, for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert Van der Waag and Samantha Goetz of counsel), for petitioner-respondent.
Brynde Berkowitz, East Meadow, NY, attorney for the children Titus P. E., Treasure F. E., Eve E., Thai E., Eli E., and Amor E.
Lisa Daniels, Lynbrook, NY , attorney for the children Robert J. E., Robin E., Faith E., Aiden E., and Hope E.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) a temporary order of protection of the Family Court, Nassau County (Robin M. Kent, J.), dated July 13, 2021, (2) an order of supervision of the same court dated July 14, 2021, (3) an order of dismissal of the same court dated July 14, 2021, and (4) a permanency hearing order of the same court dated July 29, 2021. The temporary order of protection directed that the mother, until and including February 5, 2022, inter alia, stay away from the subject children Aiden E., Amor E., Eli E., Thai E., Treasure F. E., Robert J. E., Faith E., Robin E., Eve E., and Titus P. E., except for parental access supervised by the Nassau County Department of Social Services. The order of supervision, insofar as appealed from, extended the supervision of the mother with respect to the subject child Hope E. by the Nassau County Department of Social Services until July 12, 2022. The order of dismissal, insofar as appealed from, in effect, denied the mother's petition, in effect, to modify an order of disposition of the same court dated April 8, 2019, so as to return Aiden E., Amor [*3]E., Eli E., Thai E., Treasure F. E., Robert J. E., Faith E., Robin E., Eve E., and Titus P. E. to the mother's custody. The permanency hearing order, insofar as appealed from, after a hearing, continued the placement of Aiden E., Amor E., Eli E., Thai E., Treasure F. E., Eve E., and Titus P.E. in the custody of their maternal grandmother until completion of the next permanency hearing or pending further order of the court and directed the mother to comply with the temporary order of protection dated July 13, 2021.
ORDERED that the appeal from the temporary order of protection is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeal from the order of supervision is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of dismissal is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the permanency hearing order as directed the mother to comply with the temporary order of protection dated July 13, 2021, is dismissed, without costs or disbursements; and it is further,
ORDERED that the permanency hearing order is affirmed insofar as reviewed, without costs or disbursements.
The mother's appeal from the temporary order of protection and that portion of the permanency hearing order dated July 29, 2021, which directed her to comply with the order of protection must be dismissed as academic. The temporary order of protection has expired by its own terms and imposes no enduring consequences to the mother (see Matter of Ariana M. [Edward M.], 179 AD3d 923, 925).
The appeal from so much of the order of supervision dated July 14, 2021, as placed the mother under the supervision of the petitioner, Nassau County Department of Social Services (hereinafter DSS), until July 12, 2022, with respect to the child Hope E. must be dismissed as academic, as that portion of the order expired by its own terms (see Matter of Katherine L. [Adrian L.], 209 AD3d 737).
In these related neglect proceedings, the mother appeals from a permanency hearing order which, inter alia, continued the removal and temporary placement of the children Aiden E., Amor E., Eli E., Thai E., Treasure F. E., Eve E., and Titus P. E. with their maternal grandmother until the completion of the next permanency hearing or pending further order of the Family Court. The mother also appeals from an order of dismissal dated July 14, 2021, in effect, denying her petition, in effect, to modify an order of disposition dated April 8, 2019, so as to return the children Aiden E., Amor E., Eli E., Thai E., Treasure F. E., Robert J. E., Faith E., Robin E., Eve E., and Titus P. E. to her custody.
The mother argues that DSS failed to make reasonable efforts to effectuate the permanency goal of reunification. "At the conclusion of a permanency hearing, the court is required to enter an order indicating whether 'reasonable efforts have been made to effectuate the child's permanency plan'" (Matter of Michael A. [Claudia A.], 163 AD3d 654, 656, quoting Family Ct Act § 1089[d][2][iii]). "When the permanency goal is to reunite the parent and child, the agency's 'reasonable efforts' must be 'intended to eliminate the need for continued placement of the child[ ]' and must be 'tailored to [the parent's] individual situation'" (Matter of Michael A. [Claudia A.], 163 AD3d at 656, quoting Matter of Cloey S. [Anthony T.], 99 AD3d 1080, 1081).
Here, the Family Court properly determined that DSS made reasonable efforts to implement the permanency plan of family reunification, by providing the mother assistance with housing needs, obtaining referrals so that she could comply with the portion of her service plan requiring her to consistently attend mental health therapy, and encouraging visits with the subject [*4]children (see Family Ct Act § 1089[d][2][iii][A]; Matter of Damani B. [Theresa M.], 174 AD3d 524, 526-527; Matter of Michael A. [Claudia A.], 163 AD3d at 657). The record establishes that the mother failed to cooperate and did not comply with the service plan provision requiring her to consistently attend mental health therapy sessions.
The Family Court properly, in effect, denied the mother's petition, in effect, to modify the order of disposition dated April 8, 2019, so as to return the children Aiden E., Amor E., Eli E., Thai E., Treasure F. E., Robert J. E., Faith E., Robin E., Eve E., and Titus P. E. to her custody. DSS presented evidence that the mother could not successfully maintain either the trial discharge of an older child to her or her unsupervised parental access with the children. The evidence indicated that the mother failed to understand—or to accept—her parenting responsibilities to send the children to school and supervise them. Under these circumstances, the court properly determined that extending the placement of those children in foster care was in their best interest.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court