Matter of Khadijah D. (Shelby I.) (2024 NY Slip Op 02190)

Matter of Khadijah D. (Shelby I.)

2024 NY Slip Op 02190

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-01225
2023-01226
 (Docket Nos. N-33237-19, N-33238-19, N-33239-19)

[*1]In the Matter of Khadijah D. (Anonymous). Administration for Children's Services, respondent; Shelby I. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Summayyah D. (Anonymous). Administration for Children's Services, respondent; Shelby I. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Hudhayfa D. (Anonymous). Administration for Children's Services, respondent; Shelby I. (Anonymous), appellant. (Proceeding No. 3)

Brooklyn Defender Services, Brooklyn, NY (Julian Montijo and Amy Mulzer of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Eva L. Jerome of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated January 9, 2023, and (2) an order of the same court dated January 10, 2023. The order dated January 9, 2023, insofar as appealed from, after a permanency hearing, found that the petitioner had made reasonable efforts to implement the permanency goal of reunification of the subject children Hudhayfa D. and Khadijah D. with the mother. The order dated January 10, 2023, insofar as appealed from, after a permanency hearing, found that the petitioner had made reasonable efforts to implement the permanency goal of reunification of those children with the mother and changed the permanency goal for those children from reunification with the mother to placement for adoption, with a concurrent goal of reunification with the mother.
ORDERED that the appeal from the order dated January 9, 2023, is dismissed, without costs or disbursements, as the portions of the order appealed from were superseded by the [*2]order dated January 10, 2023; and it is further,
ORDERED that the order dated January 10, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) filed neglect petitions against the mother, alleging, inter alia, that she suffered from a mental illness that impaired her ability to care for two of the subject children: Hudhayfa D. and Khadijah D. (hereinafter together the children). The children were removed from the mother's care, placed in the custody of ACS, and placed in foster care. After a permanency hearing, the Family Court found that ACS had made reasonable efforts to implement the permanency goal of reunification of the children with the mother. Based on the evidence at the hearing, the court then changed the permanency goal for the children to placement for adoption, with a concurrent goal of reunification with the mother. The mother appeals.
"At the conclusion of a permanency hearing, the Family Court is required to enter an order indicating whether 'reasonable efforts have been made to effectuate the child's permanency plan'" (Matter of Tramel V., 52 AD3d 520, 521, quoting Family Ct Act § 1089[d][2][iii]). When the permanency goal is to reunite the parent and child, the agency's reasonable efforts must be intended to eliminate the need for continued placement of the child and must be tailored to the parent's individual situation (see Family Ct Act § 1089[d][2][iii]; Matter of Titus P.E. [Sherry S.E.], 213 AD3d 929, 931; Matter of Michael A. [Claudia A.], 163 AD3d 654, 656). Here, the Family Court properly determined that ACS made reasonable efforts to implement the permanency plan of reunification with the mother by making a referral so that the mother could complete a parenting class for children with special needs, informing the mother of upcoming medical appointments for the children, and scheduling virtual and in-person visits between the mother and the children and encouraging her to attend those visits (see Family Ct Act § 1089[d][2][iii][A]; Matter of Damani B. [Theresa M.], 174 AD3d 524, 526-527; Matter of Michael A. [Claudia A.], 163 AD3d at 657). The
record established that the mother attended only half of the scheduled in-person visits and missed one of the virtual visits. Contrary to the mother's contention, since she informed her case planner that she had a nurse and homemaking services, ACS was not required to make additional referrals for those services (see Matter of Michael A. [Claudia A.], 163 AD3d at 657).
The mother's contention that the Family Court erred in changing the permanency goal for the children from reunification with the mother to placement for adoption, with a concurrent goal of reunification with the mother, is unpreserved for appellate review. In any event, the contention is without merit, as ACS established by a preponderance of the evidence that a goal of placement for adoption, with concurrent planning for reunification with the mother, was in the children's best interests. The mother has not fully addressed the issues that led to the removal of the children (see Matter of Damani B. [Theresa M.], 174 AD3d at 527; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 581-582).
The mother's remaining contentions are improperly raised for the first time on appeal.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court