Matter of James L. (Zong H. L.) (2024 NY Slip Op 02196)

Matter of James L. (Zong H. L.)

2024 NY Slip Op 02196

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-04387
 (Docket Nos. N-4752-20, N-4753-20)

[*1]In the Matter of James L. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Zong H. L. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Kai L. (Anonymous), also known as Kevin L. (Anonymous). Nassau County Department of Social Services, petitioner-respondent; Zong H. L. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Gail Jacobs, Great Neck, NY, for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert V. Van der Waag and Samantha A. Goetz of counsel), for petitioner-respondent.
Steven P. Forbes, Huntington, NY, attorney for the child James L.
Emily M. Olshansky, Southhold, NY, attorney for the child Kai L., also known as Kevin L.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated May 18, 2022. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject children and, in effect, found that the father derivatively neglected the child James L.
ORDERED that the order of fact-finding and disposition is modified, on the law and the facts, by deleting the provisions thereof finding that the father neglected the child James L. and, in effect, finding that the father derivatively neglected the child James L., and substituting therefor a provision denying so much of the petition relating to the child James L. as alleged that the father neglected the child James L. and, in effect, alleged that the father derivatively neglected the child James L., and dismissing that proceeding insofar as asserted against the father; as so modified, the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On August 24, 2020, the Nassau County Department of Social Services (hereinafter [*2]DSS) commenced related proceedings pursuant to Family Court Act article 10, alleging, among other things, that the father neglected then 14-year-old Kai L., also known as Kevin L. (hereinafter Kevin), and Kevin's then 5-year-old brother, James L. (hereinafter James and, together with Kevin, the children). Evidence was presented at a fact-finding hearing that while the children were present in the father's apartment, Kevin observed the father punching another person in the face, purportedly over rent money. DSS also presented evidence that Kevin wore inadequate clothing for the cold weather and had gone several days in January 2020 without heat or hot water in his home. Following the fact-finding hearing, in an order of fact-finding and disposition, the Family Court, among other things, found that the father neglected the children and, in effect, found that the father derivatively neglected James. The father appeals.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Matter of Je'laya J. [Nathaniel J.], 192 AD3d 1030, 1031). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Je'laya J. [Nathaniel J.], 192 AD3d at 1031 [internal quotation marks omitted]; see Matter of Sydelle P. [Alvin P.], 210 AD3d 1098, 1100).
Here, the Family Court properly determined that DSS established by a preponderance of the evidence that the father neglected Kevin by failing to provide him with proper supervision or guardianship and that, as a result, Kevin's physical, mental, or emotional condition was impaired or was in danger of becoming impaired (see Matter of Je'laya J. [Nathaniel J.], 192 AD3d at 1031; Matter of Kurt K. [Karen K.], 133 AD3d 755, 756; Matter of Nia J. [Janet Jordan P.], 107 AD3d 566, 567).
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Bronx S. [Denzel J.], 217 AD3d 956, 957 [internal quotation marks omitted]). However, "not every child exposed to domestic violence is at risk of impairment" (Matter of Kiara C. [David C.], 85 AD3d 1025, 1026 [alterations and internal quotation marks omitted]), and "exposing a child to domestic violence is not presumptively neglectful" (Nicholson v Scoppetta, 3 NY3d at 375 [emphasis omitted]).
Here, the preponderance of the evidence did not establish that the father neglected James by engaging in acts of domestic violence. In this regard, DSS failed to establish at the fact-finding hearing that the altercation that occurred in the father's apartment constituted domestic violence (cf. Family Ct Act § 812[1]). Furthermore, DSS did not present evidence that James had observed the incident or that it caused impairment, or an imminent danger of impairment, to his physical, mental, or emotional well-being (see Matter of Simone C.P. [Jeffry F.P.], 182 AD3d 554, 555; Matter of Harper F.-L. [Gary L.], 125 AD3d 652, 654).
"[W]hile proof of the abuse or neglect of one child is admissible evidence on the issue of the abuse or neglect of any other child of the parent, a finding of abuse or neglect as to one child does not mandate a finding of derivative abuse or neglect as to the other children" (Matter of Katherine L. [Adrian L.], 209 AD3d 737, 739, citing Family Ct Act § 1046[a][i] [citations omitted]). "The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment so as to create a substantial risk of harm for the other child or children in the parent's care" (Matter of Katherine L. [Adrian L.], 209 AD3d at 739-740 [internal quotation marks omitted]; see Matter of Monica C.M. [Arnold A.], 107 AD3d 996).
Here, DSS failed to demonstrate that the father had such an impaired level of parental [*3]judgment so as to create a substantial risk of harm to James. Notably, there was an approximately nine-year age difference between the children, and they had different living situations and different relationships with the father (see Matter of Katherine L. [Adrian L.], 209 AD3d at 740; Matter of Christina P., 275 AD2d 783, 784). Thus, under all of the circumstances of this case, a preponderance of the evidence did not support a finding that the father derivatively neglected James.
Accordingly, we modify the order of fact-finding and disposition as indicated herein.
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court