Matter of Caia. N. (Terri N.) (2024 NY Slip Op 05212)

Matter of Caia. N. (Terri N.)

2024 NY Slip Op 05212

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-05667 
2023-05670
2023-05673
2023-05674
2023-05675
2023-05676
2023-05677
2023-05678
2023-05681
2023-05682
2023-05684
2023-05685
2023-05686
2023-05687
2023-05688
2023-05689
2023-05690
2023-05691
2023-05745
 (Docket Nos. N-9601-20, V-8687-21, V-6162-22, V-14202-22/23A)

[*1]In the Matter of Caia. N. (Anonymous).
Administration for Children's Services, respondent; Terri N. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Harriet N. (Anonymous), petitioner-respondent, Terri N. (Anonymous), appellant, Administration for Children's Services, respondent-respondent, et al., respondent. (Proceeding No. 2)
In the Matter of Terri N. (Anonymous), appellant, Harriet N. (Anonymous), et al., respondents-respondents, et al., respondent. (Proceeding No. 3)

Lisa A. Manfro, Glen Cove, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jane L. Gordon and D. Alan Rosinus, Jr., of counsel), for Administration for Children's Services, respondent in Proceeding No. 1, respondent-respondent in Proceeding No. 2, and a [*2]respondent in Proceeding No. 3.
Cheryl Charles-Duva, Brooklyn, NY, for Harriet N., petitioner-respondent in Proceeding No. 2 and a respondent-respondent in Proceeding No. 3.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child (no brief filed).

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, and two related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Kings County (Diane Costanzo, J.), dated September 10, 2020, (2) an order of the same court (Erik S. Pitchal, J.) dated September 25, 2020, (3) an order of the same court (Melody Glover, J.) dated December 3, 2020, (4) a temporary order of protection of the same court (Melody Glover, J.) dated December 3, 2020, (5) an order of the same court (Melody Glover, J.) dated February 16, 2021, (6) an order of the same court (Melody Glover, J.) dated August 13, 2021, (7) an order of the same court (Melody Glover, J.) dated November 4, 2021, (8) a temporary order of protection of the same court (Melody Glover, J.) dated May 13, 2022, (9) an order of the same court (Melody Glover, J.) dated May 13, 2022, (10) an order of the same court (Melody Glover, J.) dated July 28, 2022, (11) an order of the same court (Melody Glover, J.) dated August 12, 2022, (12) a temporary order of protection of the same court (Melody Glover, J.) dated August 12, 2022, (13) an order of the same court (Melody Glover, J.) dated August 23, 2022, (14) an order of the same court (Melody Glover, J.), also dated August 23, 2022, (15) an order of the same court (Melody Glover, J.) dated August 24, 2022, (16) an order of the same court (Melody Glover, J.), also dated August 24, 2022, (17) an order of the same court (Melody Glover, J.) dated December 7, 2022, (18) an order of the same court (Melody Glover, J.) dated January 6, 2023, and (19) an order of the same court (Melody Glover, J.), also dated January 6, 2023. The order dated September 10, 2020, directed that Brooklyn Defender Services be permitted to speak to the mother while she was hospitalized and to obtain information from the mother's medical providers upon her consent. The order dated September 25, 2020, directed that the mother have unsupervised parental access no more than two hours per visit, no more than three times per week. The order dated December 3, 2020, denied the mother's motion for unsupervised parental access, but directed that the mother have "sandwich" visits with at least four hours of unsupervised parental access three times per week and liberal supervised parental access. The temporary order of protection dated December 3, 2020, is against the mother and in favor of the subject child and the maternal grandmother until and including April 5, 2021. The order dated February 16, 2021, directed that the mother have "sandwich" visits with four hours of unsupervised parental access twice per week and liberal supervised parental access. The order dated August 13, 2021, vacated the order dated February 16, 2021, and granted the motion of Administration for Children's Services to allow only parental access supervised by Administration for Children's Services. The order dated November 4, 2021, vacated an order dated October 19, 2021, permitting the mother to have agency supervised parental access and permitted her to have therapeutic parental access at least twice per week. The temporary order of protection dated May 13, 2022, is against the mother and in favor of the child and the maternal grandmother until and including July 28, 2022. The order dated May 13, 2022, dismissed the mother's custody petition dated April 12, 2022, without prejudice. The order dated July 28, 2022, permitted the mother to have liberal electronic communication with the child on the child's consent. The order dated August 12, 2022, granted the mother's motion to modify the order of protection dated July 28, 2022, so as to permit liberal electronic communication between the mother and the maternal grandmother. The temporary order of protection dated August 12, 2022, is against the mother and in favor of the child and the maternal grandmother until and including November 14, 2022. The first order dated August 23, 2022, enjoined the mother from filing, inter alia, any additional motions without leave of court. The second order dated August 23, 2022, denied the mother's motion to restore parental access. The first order dated August 24, 2022, denied the mother's motion for unsupervised parental access. The second order dated August 24, 2022, denied the mother's motion for decisionmaking authority regarding the child's education. The order dated December 7, 2022, permitted the mother to have supervised parental access during the Christmas holiday on the child's consent, with discretion to expand. The first order dated January 6, 2023, enjoined the mother from filing, inter alia, any petition without leave of court. The second order dated January 6, 2023, dismissed the mother's petition for custody dated January 3, 2023, without prejudice. Assigned counsel has submitted a [*3]brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the appeals from the temporary orders of protection and the orders dated September 10, 2020, September 25, 2020, December 3, 2020, February 16, 2021, August 13, 2021, November 4, 2021, May 13, 2022, July 28, 2022, August 12, 2022, August 24, 2022, and December 7, 2022, the second order dated August 23, 2022, and the second order dated January 6, 2023, are dismissed, without costs or disbursements; and it is further,
ORDERED that the motion of Lisa A. Manfro for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Yasmin Daley Duncan, 386 Parkside Avenue, Brooklyn, NY 11226, is assigned as counsel to prosecute the appeal from the first order dated August 23, 2022, and the first order dated January 6, 2023; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent and the attorney for the child shall serve and file their briefs within 30 days after the brief of the appellant is served and filed. By prior decision and order on motion of this Court dated November 22, 2023, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties and the attorney for the child are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
The appeals from the temporary orders of protection must be dismissed as academic, because those orders expired by their own terms and impose no enduring consequences on the mother (see Matter of Nicholas M., 224 AD3d 689, 690; Matter of Titus P.E., 213 AD3d 929, 930).
The appeals from the orders dated July 28, 2022, August 12, 2022, and December 7, 2022, must also be dismissed, as the mother is not aggrieved by those orders (see CPLR 5511).
The appeals from the orders dated September 10, 2020, September 25, 2020, December 3, 2020, February 16, 2021, August 13, 2021, November 4, 2021, May 13, 2022, August 24, 2022, the second order dated August 23, 2022, and the second order dated January 6, 2023, must also be dismissed, as those orders were superseded and rendered academic in light of an order of the Family Court, Kings County, dated May 23, 2023, dismissing the neglect petition against the mother after a hearing.
With respect to the remaining appeals from the first order dated August 23, 2022, and the first order dated January 6, 2023, which respectively, inter alia, enjoined the mother from filing motions and petitions without leave of court, we are satisfied with the sufficiency of the brief filed by assigned counsel pursuant to Anders v California (386 US 738). However, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist with respect to those orders, including, but not necessarily limited to, whether the Family Court providently exercised its discretion in precluding the mother from making those filings without court permission. Since a review of the record by the Appellate Division cannot substitute for the single-minded advocacy of appellate counsel, we assign new counsel to prosecute the appeals from these orders (see Matter of Rodriguez v Sabbat, 177 AD3d 889, 890; Matter of Cheryl P [Ayanna M.]., 160 AD3d 873, 874).
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court